Smoot, &c. v. Heyser's Exr., &c.

·CASE 11—ACTION BY THE EXECUTOR OF THE WILL OF MRS. FANNIE
HEYSER AND FOR DIRECTION AS TO PLAINTIFF'S DUTIES THEREUN-
DER.—MARCH 18.

113    81
e116 656

113    81
e116 656

113    81
f124  307

113    81
f136  335

# Smoot, &c. v. Heyser's Exr., &c.

### APPEAL FROM GRAYSON CIRCUIT COURT.

JUDGMENT DISTRIBUTING ESTATE OF TESTATRIX AND DEFENDANTS
SMOOT APPEAL. AFFIRMED.

HUSBAND AND WIFE—POWER OF WIFE TO EXECUTE WILL—FAILURE OF
HUSBAND TO RENOUNCE WILL.

Held:  1. A married woman was not, either under the act of 1894
regulating the property rights of husband and wife, or under a
judgment rendered prior to that act, authorizing her to dis-
pose of her property by will, empowered to execute a will dis-
posing of her personal property so as to defeat the interest of
her surviving husband therein.
2. Where the wife makes no provision whatever for her husband
by her will, it is not necessary for him to renounce the will in
order to entitle him to one-half of the surplus personalty left by
her, as provided by Kentucky Statutes, section 2132.

W. O. JONES, ATTORNEY FOR APPELLANTS.

The question in this case is, can a married woman make a
will and bequeath nothing to her husband?

The testator, Mrs. Fannie Heyser, in the year 1891 was made
a *feme sole* by judgment of the Grayson circuit court and au-
thorized to dispose of her property by will, the same as if un-.
married. She made a will under this power and gave her hus-
band nothing. Later she destroyed that will and made an-
other and in the last one gave nothing to her husband. The
last will was made after the Husband and Wife Act of 1894.

Our contention is that under the judgment empowering her
to make a will or under the act of 1894, she had the power to
dispose of her property by will without bequeathing her hus-
band anything.

Her will was probated June 27, 1898, and her husband, Thomas
Heyser, died in March, 1899. He lived eight months after her
death, knowing all the time that she had devised him noth-
ing, and, so far as the record shows, took no steps towards re-

Smoot, &c. v. Heyser's Exr., &c.

nouncing the will. We contend that if the husband can re-
nounce the will of his wife, it is a personal matter and he must
do it himself. It can not be done by his personal representa-
tive, or heirs.

### AUTHORITIES CITED.

15 B. Monroe, 588; 1 Roper on Husband and Wife, 170; 1 Wil-
liams on Exrs., pp. 40, 41, 42, 43; Gen. Statutes, chap. 52, art.
2, sec. 6; 22 R., 1368; Kentucky Statutes, sec. 1404; 13 R., 726;
5 Am. & Eng. Ency. p. 703.

IRA & W. H. JULIAN, FOR APPELLANTS.

Mrs. Fannie Heyser by her will left nothing to her husband,
Thomas Heyser. He claims that under section 2132, Kentucky
Statutes, she was debarred from disposing of one-half of her
personal estate, and to that extent the will is void. Said section
provides "that after the death of either the husband or wife
. . . the survivor shall have an absolute estate in one-half
of the surplus personalty *left* by such decedent.

The wife would have the right, in her life time, to sell or
give away all of her personal property, so there would then be
nothing *left* for the husband.

In this case the wife, having disposed of all her personal estate
by her will, there is nothing *left* for the husband.

The effort to make a distinction between such a disposition
by gift or sale to take effect at the time of her death, and a
disposition of same by will it seems to us is an effort to make
a distinction where there is none.

### CITATIONS.

Kentucky Statutes, 2132, 2147, 2148; Trusty v. Trusty, 22
R., 1127; Mundo v. Anderson, 22 R., 663.

J. S. WORTHAM, FOR APPELLEES.

This suit was filed February 22, 1899. Thomas Heyser, the hus-
band of the testator, Mrs. Fannie Heyser, died March 1899, and
while he made no objection to the probate of his wife's will, yet
the allegations of the petition in this suit show that he was claim-
ing one-half of her personal estate. He did not formally renounce
the will, but his executors allege that he intended to do so within
twelve months from the probate, and said executors to whom
this right survived renounced it within the twelve months.
However, he was not required to renounce, as nothing was de-
vised to him. But he had the right to claim his statutory right
to one-half of her personal estate.

Smoot, &c. v. Heyser's Exr., &c.

There is nothing in this record to show that he consented to the making of this will, or that he or his personal representatives is estopped from claiming his statutory rights.

Section 2132, act of 1894 provides that "After the death of either husband or wife the survivor shall have an absolute estate in one-half of the surplus personalty left by said decedent."

Section 2147 provides "That a married woman if she be of sound mind, and twenty-one years of age, may dispose of her estate by last will and testament, *subject to the provisions of this act.*"

We claim (1). That Thomas Heyser was not required to renounce his wife's will because she left him no part of her estate, and there was nothing to renounce. (2). But if required to renounce the will he was allowed twelve months to do so. (3). The right to renounce survived to his executors. (4). No proof conducing to show that he ever consented to the making of the will in question and therefore he was not required to object to its probate. (5). At her death he was entitled to an absolute estate in one-half of her surplus personal estate and that he could not be deprived of this right by her will.

### AUTHORITIES CITED.

On renouncing will. Kentucky Statutes, secs. 1404 and 2067; Gillespie v. Boisseau, 23 R., 1046 (64 S. W., 730); Cummings v. Daniel, 9 Dana, 361; Assent of Husband to Particular Will. George v. Bussing, 15 B. Mon., 558; 1 Roper on Husband and Wife, 170; Williams on Executors, 40; Husband can not be deprived of his interest in wife's estate by wife's will. Kentucky Statutes, secs. 2123, 2147; Verbal ante nuptial contract invalid. Mallory v. Mallory, 92 Ky., 316.

Opinion of the court by CHIEF JUSTICE GUFFY—Affirming.

Thomas Heyser and his wife, Fannie, were married in Grayson county in the year 1874, and lived together as husband and wife in Leitchfield, Ky., from the date of their marriage until the date of her death, June 16, 1898. She died childless. She attempted to dispose of her estate, all of which was personal, by will dated February 21, 1896, which will was probated on June 27, 1898. She made a few specific bequests, and devised the residue of her estate to her brothers, appellants herein, and appellee J. C. Graham

was appointed and qualified as executor of her will. Appellee Graham afterwards instituted an action in the Grayson circuit court for the purpose of having the will in question construed, and his duties defined thereunder. Suit was instituted prior to the death of Thomas Heyser, and was revived against his executors; and they, within 12 months from the probating of the will, filed in the county court a paper assuming to renounce, on his behalf, the provisions of the will in question. The brothers of the testatrix asserted their rights under the will, and denied the right of Thomas Heyser to any part of the estate of testatrix. After the issues were fully made up, and some proof taken, most of which was properly held to be incompetent, the court rendered the following opinion: "The court is of the opinion in this case that under chapter 66 of the Kentucky Statutes, known as the 'Husband and Wife Act,' as amended March 15, 1894, the wife can not dispose of her property by will so as to defeat the husband's interest in her estate. Section 2132 of said act provides that 'after the death of either the husband or wife, the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent,' while section 2147 of the same act provides that 'a married woman may dispose of her estate by will subject to the provisions of this act.' I conclude, therefore, that the husband, Thomas Heyser, at the time of his wife's death, became invested with the ownership of one-half of the personal property she then owned, and this could not be and was not defeated by her will. Judgment should be rendered adjudging the heirs of Thomas Heyser, deceased, to be the owners of one-half of his deceased wife's personal property. The balance of her estate should be distributed so as to pay the special devises set out in the will, to wit, Harvey Gardner, $100; Fannie May Heyser, $100;

Fannie Durbin, $100; Stella Kennedy, $200; Hattie Beale, the watch and clothes of decedent; and $200 to the Christian Church at Leitchfield, Ky.; and the balance, if any, after the payment of the costs of this suit, will be equally divided between the three brothers of the decedent, viz., John O. Smoot, Hiram Smoot, and William Smoot, except the interest of Hiram Smoot will be paid into the Franklin circuit court, or to such person as said court may adjudge to be entitled thereto in the case of N. S. Bondurant v. Hiram Smoot, etc., pending in said court." Thereupon the following judgment was rendered: "It is adjudged, therefore, that Thomas Heyser at the death of his wife, Fannie Heyser, became invested with the ownership of one-half of the surplus personalty left by her, and this was not defeated by her will; and it is now adjudged that the heirs at law of Thomas Heyser are the owners of said one-half of his deceased wife's personal property, to be distributed among them by the executors of his estate according to the provisions of his last will and testament. Out of the remaining one-half of said Fannie Heyser's surplus personalty, if sufficient, the special legacies are ordered to be paid as follows: Harvey Gardner, one hundred dollars; Fannie May Heyser, one hundred dollars; Fannie Durbin, one hundred dollars; Stella Kennedy, two hundred dollars; and Leitchfield Christian Church, two hundred dollars; and if said one-half is not sufficient to discharge said five legacies, which aggregate seven hundred dollars, then they are to be paid pro rata. It is adjudged that the watch and clothes of said decedent belong to Hattie Beale. . . . If any surplus should remain after the payment of said five legacies, the same is ordered to be distributed equally among the three brothers of decedent, viz., John O. Smoot, Hiram Smoot, and William Smoot; but the interest of Hiram

Smoot is directed to be held by the plaintiff as executor of
Fannie Heyser, subject to the direction of the Franklin cir-
cuit court in the case of N. S. Bondurant v. Hiram Smoot,
etc., pending in said court. . . . Before any distribution
is made of the estate of said Fannie Heyser by her executor,
all debts of said decedent are directed to be paid by him,
and also the costs of administration, including his commis-
sion, and also the costs of this action, except the costs in-
curred by John O. Smoot, Hiram Smoot, William Smoot,
and N. S. Bondurant. The legacies to Fannie May Hey-
ser, Fannie Durbin, and Stella Kennedy are directed to be
paid to their statutory guardians, who are to be appointed
and qualified in the county court of the county in which
said infants reside, in all respects as required by law, and
who shall hold said funds subject to the conditions and re-
quirements of the provisions of the will of said decedent."
From which judgment this appeal is prosecuted.

It is contended for appellants that under the statute the
testatrix had a perfect right to make the will and dispose of
the property as therein set forth, and that the husband, if
he had any remedy at all, which is not admitted, must re-
nounce the provisions of the will within 12 months, and
which it is claimed he did not do. It is also insisted that
his executors could not make the renouncement for him
after his death. It is further insisted for appellants that
inasmuch as in the year 1891 a judgment was rendered in
the Grayson circuit court, authorizing the testatrix to dis-
pose of all of her property by will, the same as if she were
an unmarried woman, under that judgment, as well as
under the act of 1894, she was authorized to dispose of her
personal estate independent of the consent of her husband.
We are not inclined to the opinion that the law authorizing
the judgment referred to was intended to change the law

in respect to the making of wills to the extent contended for by appellants.

It is contended further that by the terms of the act of 1894 plenary power as to the disposition of the property in question was conferred upon the testatrix. It is the contention of appellee that, inasmuch as no devise was made to the husband in the will in question, he need not renounce the provisions of the will in order to authorize him to assert his interest in the property devised, and he cites Cummings' Ex'r v. Daniel, 9 Dana, 361, in support of his contention. The court in that case, after referring to a statute not materially different from the present statute in regard to the same subject, said: "It is very clear that the renunciation contemplated by the twenty-fourth section can have application only to cases in which some provision has been made for the wife by the will of her deceased husband. The declaration to be made by her is that she will not take or accept the provisions made for her by the will." It would seem that the same principle announced in the case supra would apply to the husband, in regard to the will of his wife which contained no devise to him. It is provided in section 2132, Kentucky Statutes, speaking of husband and wife, that the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent. Section 2147, Kentucky Statutes, provides that "a married woman, if she be of sound mind and 21 years of age, may dispose of her estate, by last will and testament, subject to the provisions of this act."

After a careful consideration of this case, we have reached the conclusion that the court below properly construed the law applicable to the case on trial. Judgment appealed from is therefore affirmed.