CASE 38.—ACTION BY GEORGE FULTZ AGAINST GEORGE C.
BOTTOM TO SUBJECT A LEGACY TO THE PAY-
MENT OF PLAINTIFF'S JUDGMENT.—January 16.

## Bottom v. Fultz

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

·Judgment for plaintiff. Defendant appeals.
Reversed.

1. Wills—Rights of Devisees—Election by Husband.—Ky. Stats.,
1903, section 1404, providing the manner in which a widow
may renounce her husband's will, does not apply to renuncia-
tion by the surviving husband of the will of his wife, but he
may renounce under section 2067 providing for disclaimer by
a devisee.

2. Same—Failure to Elect—Right to Compel Election.—Under
Ky. Stats., 1903, section 2067, authorizing a devisee to dis-
claim by deed within· a year after notice of probate, a
husband, if he wishes to renounce the will of his wife, must
follow the provisions of the statute, and his failure to do
so within the time prescribed amounts to an election to take
under the will, but a court cannot require him to elect.

3. Same—Construction—Husband's Life Interest—Forfeiture—
Devesting Vested Interests.—A wife bequeathed all of her
property to her husband in trust for her children, with full
power to sell, convey, and invest as he thought best, and use
the income for his support during life, provided that the
property should not be incumbered by, or its rents and profits
in any way subjected to, the debts of the husband, and that
if any court should hold that the profits may be subjected
to the debts of the husband, his interest should instantly
cease, and thereafter the rents and profits should be paid to
her children. Held, that the provision as to the passing of
the rents and profits to the children was valid.

Bottom v. Fultz.

GEO. B. KINKEAD, attorney for appellant.

1. We insist that the right of a husband to accept or renounce the provisions of his wife's will, is a purely personal right, which he may exercise from his own volition and untrammeled by any order of court.

2. The defendant, Bottom, being the widower of his deceased wife, was vested with a certain statutory interest in her estate provided he had chosen to renounce the will and assert his right arising from the marital relation. But when he elects, as he has done, to hold under the will, he cannot be entitled to any part of her estate by operation of law and contrary to the provisions of the will.

3. It is well settled in Kentucky that such an estate as is attempted to be created by this will can be created, and that the creditors cannot reach the same, for the reason that the moment the court decrees the liability of the estate, it vanishes and passes to another.

### AUTHORITIES CITED.

Bull v. Ky. Nat. Bank, 90 Ky., 452; White v. Thomas, trustee, 8 Bush, 661; Bland v. Bland, 90 Ky., 400; Brainhall v. Farris. 14 N. Y., 44; Watson v. Christian, 12 Bush, 524; Vance v. Campbell's Heirs, 1 Dana, 229; Chambers and Wife v. Davis, &c., 15 B. Mon., 522; Taylor v. Loller, 8 Ky. Law Rep., 773; Oschsver v. German Building & Savings Association, 5 Ky. Law Rep., 177; Bank of Commerce v. Chambers, 10 S. W., 38.

W. L. WORTHINGTON, attorney for appellee.

### POINTS AND AUTHORITIES.

1. Trust estates of every kind are subject to the debts of the cestui que trust. (Ky. Stats., sec. 2355.)

2. In order to create a "Spendthrift Trust" the devisor must have an absolute right in the property, to the exclusion of the devisee. (Bull v. Ky. Nat. Bank, 90 Ky., 452; White v. Thomas, trustee, 8 Bush, 661; Bank of Commerce v. Chambers, 10 S. W., 38.)

3. In order to create a "Spendthrift Trust," all interest in and control over the trust estate by the cestui que trust must end on the happenings of the continuency on which it is limited. (Bland v. Bland, 90 Ky., 400.)

4. If appellant takes nothing under the will, he is entitled to curtesy in his wife's estate which is subject to appellee's debt.

5. Where an election to take under a will amounts to a fraud on the creditors of the elector, a court of equity will make an election for the benefit of creditors. (Pomeroy's Equity Jurisprudence, Third Edition, sections, 507, 509 and 510.)

OPINION OF THE COURT BY JUDGE LASSING— Reversing.

L. D. Bottom, wife of George C. Bottom, died March 10, 1903. On March 12th her will was admitted to probate in the Fayette county court, and on March 16th George Fultz, appellee, filed his suit in the Fayette circuit court on a return of no property on a former judgment against appellant George C. Bottom, seeking to subject the interest of appellant in the estate of his wife to the payment of his judgment debts, and asking that appellant be required to elect whether he would take under the will of his wife, or take the interest given him by law in the estate of his wife, and asking for a construction of this will. Appellant demurred to the petition. His demurrer was overruled, and he declining to plead further, the court entered the following judgment: "It is adjudged by the court that defendant, Geo. C. Bottom, under the terms of the will of L. D. Bottom, deceased, took a life estate in all the property of every kind of said L. D. Bottom, deceased, with remainder over to defendants, Lillian De Bond and Firm K. Bottom, and that said estate for life so taken by defendant, Geo. C. Bottom, is subject to said defendant, Geo. C. Bottom's debts, and subject to this plaintiff's debt herein set up; that the clause in said will by which the testator, L. D. Bottom, deceased, sought to prevent said estate in the hands of defendant, Geo. C. Bottom, from becoming liable for his debts, and providing that in the event it should be held by a court of competent jurisdiction that said

estate was subject to said defendant's debts, that then, in that event, said estate should at once pass to defendants, Lillian De Bond and Firm K. Bottom, is void and of no effect whatever.''

The clause of the will of L. D. Bottom which is involved in this controversy is the third clause, and is as follows:

''Third, I give and bequeath to my husband, George C. Bottom, all my estate of every character and description, to be held by him in trust for my two children, Lillian De Bond and Firm K. Bottom. My said trustee is hereby empowered to continue to conduct in my name the saloon which is now being operated in my name so long as he deems it wise and desirable to do so, but he may at any time, in the exercise of his best judgment, sell and convey the same, and reinvest the proceeds in any manner that may seem best to him. My said trustee is hereby expressly empowered to invest the proceeds of the sale of my real estate, and such money, choses in action, or other securities, as I may own at the time of my death in any manner he may think best, but the income derived from my estate, I desire to be devoted to the maintenance and support of my said husband for and during his natural life. It is my wish that my husband, Geo. C. Bottom, shall confine himself solely and exclusively to the income derived from my estate, and in no wise encroach upon the principal for his maintenance and support. It is my wish and I do direct that no part of my property shall be encumbered by, or its rents and profits be in any way subjected to, the debts of my said husband, either by process of law or by any order, assignment or contract he may make, and should it at any time be held by a court of competent jurisdiction that said

rents and profits are liable to be subjected to the debts of my said husband, Geo. C. Bottom, then, and in that event, I direct that all interest of my said husband in my estate shall instantly cease, and thereafter the rents and profits derived from my property shall be paid over to my two children, the said Lillian De Bond, and Firm K. Bottom.''

Two questions are presented for consideration: First, can the appellant, at the instance of a creditor or any one else, be required to elect whether he will take under the will of his wife, or take the interest which the law would give him in the estate of his wife, and reject the will? and, second, whether that portion of clause 3 of the will, which directs that, in the event it should be held by a court of competent jurisdiction, said estate is subject to the debts of appellant, said estate shall at once pass to the children of testator, is void, and of no force and effect. Section 2132 Ky. Stats., 1903, provides: ''After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinguished; and the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent.'' Under this section of the statute the surviving husband or wife stands upon the same plane. Either takes an estate for life in one-third of all the real estate of which the other is seized in fee simple during the coverture, and an absolute estate in one-half of all the surplus personalty. Section 1404 provides the manner in which a widow may renounce her husband's will. This section does not apply to the surviving husband. Section 2067 pro-

vides: "A devisee may disclaim by deed, acknowledged or proved, and left for record in the clerk's office of the court in which the probate is made, within a year after notice of the probate." This section applies to all devisees who prefer to stand upon their legal rights, and are unwilling to accept the provisions of the will in lieu thereof.

This court has decided, in the case of Brand v. Brand, 60 S. W. 704, 22 Ky. Law Rep. 1366, Gillispie v. Boisseau, 64 S. W. 730, 23 Ky. Law Rep. 1046, and Smoot v. Heyser, 113 Ky. 81, 67 S. W. 21, 23 Ky. Law Rep. 2401, that a husband may renounce the will of his wife, as provided by section 2067. This is a personal privilege given to the husband, and it is one which he may exercise or not, at his pleasure; and we are of opinion that the court could not require of appellant that he exercise that right. The law provides that he may, within one year, renounce the will, and elect to take under the law. If he wishes to avail himself of his statutory right, he must follow the provisions of the statute, and his failure to do so within the time prescribed amounts to an election on his part to stand by the provisions of the will; but he has the entire year within which to act. The trial judge was evidently of opinion that appellant could not be required to elect, and, as he had not renounced the will as prescribed by law, that he was taking under it.

So we come to a consideration of the second question, which is: Was the clause which provided that in the event it should be held by a court of competent jurisdiction said estate was subject to appellant's debts said estate should at once pass to decedent's children, void, and of no force and effect? Appellant relies upon the case of Bull, etc., v. Kentucky National Bank, 90 Ky. 452, 14 S. W. 425, 12 Ky. Law Rep. 536, 12 L. R. A. 37, to uphold the validity of the clause of

the will referred to. The provisions of the will in the Bull case were very similar to the provisions in the will under consideration, and this court, in construing that will, Judge Pryor delivering the opinion, said: "That it was the purpose of the testator that his sons should use and enjoy the property devised to them unmolested by any creditor is apparent, but this affords no reason for disturbing the provisions of his will on this subject, if, by its terms, their equitable interest has passed to others. It is a mistaken idea to say that the devise gave to the sons an equitable life estate in this property, or in the rents and profits, as, by the provisions of the will under which this title is passed to the sons, they are to become divested of the title upon a certain contingency. The testator was not required to anticipate the extravagance of the beneficiaries of his bounty, so as to provide for those who might thereafter become their creditors, but, on the contrary, the property devised belonging to him, he had the right, and it was his duty, to secure the sons, and particularly their families, against such a reckless use of their property as might reduce them to want. There is nothing in such a provision as affects sound public policy, or makes this devise of the testator superior to the law of the land."

Appellee insists that the doctrine laid down in the case of Bull, etc., v. Kentucky National Bank is not applicable to the case at bar, for the reason that in the Bull case the testator was the absolute owner of the property devised in his will, whereas, in the case before us, the husband had in law an absolute estate in the property of his wife upon her death. It is true that the law gives to the husband an estate in the property of the wife at her death, but it is equally true that, under the statute, she is empowered to dispose of such property as she may own by will, and if,

in the disposition thereof, she has made provision for
her husband, which is acceptable to him, he may elect,
if he choose, to accept the provisions made for him in
the will, and waive his statutory rights—the same as
the wife may do in the property of her husband.  This
being true, we are of opinion that the provisions of
the will under consideration, which were made for the
benefit of the husband, and to afford him a support
during the remainder of his life, or so long as the will
should be upheld, are wise and beneficial; and being
such, it should be, and is, the sound policy of the law
to uphold them.  This opinion is not in conflict with
the case of Bland v. Bland, 90 Ky. 401, 14
S. W. 423, 12 Ky. Law Rep. 532, 9 L. R.
A. 599, 29 Am. St. Rep. 390, and the difference
between that case and the case of Bull, etc., v. Ken-
tucky National Bank and this case is that, in the
former case, the devisee was never divested of his
interest or deprived of his title, but was given an
absolute estate, and was, in every sense, a beneficiary;
whereas, in this case and in the Bull case, the right
of the devisee ceased instanter upon the determina-
tion by a court of competent jurisdiction that the
estate was subject to the debts of the devisee.

The trial court should have sustained the demurrer
to the petition, and this cause is remanded, with in-
structions so to do.