## Cunningham v. Cunningham's Exor.

(Decided October 11, 1910.)

## Appeal from Mercer Circuit Court.

Husband and Wife—Will of Wife—Exclusion of Husband—Action for Marital Rights by Husband.—A married woman who had been empowered to trade as a feme sole prior to the passage of the Weissinger Act in 1894 (now 2127 Ky. Statutes), cannot either under the judgment of a court, nor under said act, dispose of her property by will to the exclusion of her husband. And where the husband is left nothing by the will, it is not necessary for him to personally renounce the will, but he may recover his marital rights in an action instituted to settle his wife's estate.

E. H. GAITHER for appellant.

C. E. RANKIN and CHENAULT HUGHELEY, for appellee.

Opinion of the Court by Chief Justice Barker—Reversing.

The question involved in this case is, whether a wife who, upon the joint petition of herself and husband, has been empowered to act as a feme sole under the statute prior to the passage of the Weissinger Act in 1894, was authorized to make a will bequeathing all her property to the exclusion of her husband.

The very question we have here arose in the case of Smoot v. Heyser's Exor, et al., 113 Ky. 81. It was there held that the wife who had been empowered to trade as a feme sole prior to the Weissinger Act could, neither under the judgment of the court nor under the act, dispose of her property by last will and testament to the exclusion of the husband. It was also there held that, where the husband was left nothing by the will, it will not be necessary for him to formally renounce the will, but he might recover his marital rights in an action instituted to settle the wife's estate.

The opinion in the case cited is conclusive of the question at law. It follows, therefore, that the judgment of the circuit court, holding that the appellant had no right in his dead wife's estate as against her devisees, must be reversed; and it is so ordered, for future proceedings consistent with this opinion.