## Louisville & Nashville Railroad Co. v. Allen.

(Decided March 18, 1913.)

### Appeal from Allen Circuit Court.

Carriers—Action to Recover for Undercharges—Pleading.—(For original opinion see 152 Ky., 145.)—In an action by a carrier to recover on account of undercharges, the petition alleged that each item sued for arose under an interstate shipment, this allegation was not traversed and there being no issue upon this point the court properly accepted it as a conceded fact that the shipments were interstate. It is too late upon a petition for rehearing to complain that they were not.

GOAD & OLIVER, W. G. DEARING, CHAS. H. MOORMAN, BEN-JAMIN D. WARFIELD for appellant.

BRADBURN & BASHAM for appellee.

### RESPONSE TO PETITION FOR REHEARING BY THE COURT.

Complaint is made in the petition for re-hearing that the court erred in holding that all the shipments set up in the petition, for which an undercharge was made, are

interstate shipments, when, in fact some of them are not, and appellee asks that the case be reversed and the Railroad Company be allowed to recover only for such undercharges as were made on interstate shipments and, for any shipments that were intrastate, no recovery should be had or allowed. The petition alleges that each item sued for arose under an interstate shipment. The language is as follows: "Each of said items are interstate shipments." This allegation was not traversed, and there being no issue upon this point, the court accepted it as a conceded fact that they were interstate shipments, and it is now too late to complain that they were not. The rights of litigants are to be determined by the pleadings and the evidence, or proof, offered in support thereof. It is true, counsel for appellee, in brief, insisted that a part of these shipments were intrastate, but, inasmuch as no issue was made upon this point in the pleadings, the statement in brief was not considered.

Petition for re-hearing overruled.