## Knut's Guardian, et al. v. Knut.

(Decided January 28, 1915.)

### Appeal from Daviess Circuit Court.

Wills—Rights and Liabilities of Devisees and Legatees—Election
—Time for Making Election.—Section 2067 Kentucky Statutes
gives the surviving husband the right to renounce his wife's
will; if he fails to renounce within one year, such failure
amounts to an election to take under the will, as does likewise the
institution of an action claiming the lands devised, as devisee
under the will.

W. T. ELLIS and J. J. SWEENEY for appellant.

MILLER, SANDIDGE & MALIN and R. A. MILLER for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

S. P. Knut and Lily Barrett were married December
23, 1896. On March 28, 1898, Mrs. Knut made and pub-
lished her last will and testament. About two months
thereafter she gave birth to a daughter, Lily Barrett
Knut, and a few days later she died.

Shortly after her death her husband caused the will
to be duly probated and admitted to record.

By the will mentioned Mrs. Knut devised to her hus-
band, appellee herein, all her estate, both personal and
real, subject to certain exceptions not here involved.

In December, 1899, Knut brought a suit in equity in
the Daviess Circuit Court against his infant daughter,
Lily Barrett Knut, claiming to be the owner in fee sim-
ple of certain lands in Daviess county comprised in his
wife's estate devised to him by her will, and praying that
his infant daughter be adjudged to have taken no in-
terest therein.

The judgment in that proceeding was appealed from
(see Knut v. Knut, 58 S. W., 583, 22 R., 974) and this
court held that the infant daughter was a pretermitted
child, and that, under Section 4847, Kentucky Statutes,
the devises in the will of Mrs. Knut are limited to take
effect only in the event Lily Barrett Knut shall die before
reaching the age of twenty-one years, unmarried and
without issue.

The land here involved is valued at about one hun-
dred thousand dollars. Mrs. Knut at her death seems
to have possessed considerable personal property also,

the exact amount of which, however, is not disclosed by the record. Nor does it appear what part of this personalty appellee received under the will, if any.

On October 16, 1913, Knut instituted the present proceeding in equity against his infant daughter and her guardian, Central Trust Company, claiming a statutory life estate in one-third of the lands mentioned, as surviving husband of Mrs. Knut, and seeking to recover from the guardian one-third of the rentals derived from said lands to the date of the institution of the action.

There was a judgment in his favor, from which the infant and guardian appeal.

1. Section 2067, Kentucky Statutes, confers upon a surviving husband the right to renounce the will of his wife. Brand v. Brand, 109 Ky., 721, 60 S. W., 704, 22 R., 1366; Gillespie v. Boisseau, 64 S. W., 730, 23 R., 1046; Smoot v. Heyser, 113 Ky., 81, 67 S. W., 21, 23 R., 2401; Bottom v. Fultz, 124 Ky., 302, 98 S. W., 1037, 30 R., 479; Bains v. Globe Bank, 136 Ky., 332, 124 S. W., 343, 136 A. S. R., 263.

"The law provides that he may, within one year, renounce the will and elect to take under the law. If he wishes to avail himself of the statutory right, he must follow the provisions of the statute, and his failure to do so within the time prescribed amounts to an election upon his part to stand by the provisions of the will." Bains v. Globe Bank, *supra;* Bottom v. Fultz, *supra*.

The appellee in the case at bar failed to renounce the will by following the provisions and requirements of the statute; and by his failure so to do, he has accepted the will.

Moreover, the question of the rights of S. P. Knut in the lands here involved is *res adjudicata.*

In the institution and prosecution of the former action mentioned he necessarily elected to take under his wife's will, and not under the statute.

He cannot claim both under and against the will, and having, in that action, claimed under the will, he made his election, and thereby deprived himself of the right to claim under the statute.

In George v. Bussing, 15 B. M., 558, a husband brought a suit to recover a certain slave which had been attempted to be devised by his wife. The court held that the husband could not claim both under and against the will, and that having, by the institution of that ac-

tion, made his election to claim against the will, he had deprived himself of the right to claim the benefit of any of its provisions. The converse of the rule there laid down is equally true. Having elected to take under the will, the rights of appellee are determined by the former judgment.

2. As construed by this court in Knut v. Knut, 58 S. W., 583, 22 R., 974, Knut takes no interest in the lands here involved under the will of his wife, unless his infant daughter, Lily Barrett Knut, shall die before reaching the age of twenty-one years, unmarried and without issue.

3. It is suggested by appellee that after the remand of the case above mentioned, certain creditors of S. P. Knut obtained judgments against him; that those actions were consolidated and one-third of the lands here involved were placed in the hands of the court's receiver, the rentals therefrom collected and disbursed in satisfaction of his obligations. But upon this appeal we are not concerned with the validity of the proceedings mentioned.

Appellee's failure to renounce the will bars an action for allotment of a surviving husband's statutory life estate in one-third of his wife's lands; and, in addition, the judgment in the former action mentioned rendered *res adjudicata* the question of appellee's rights in the lands here involved.

Judgment reversed.