## Carmody v. The Pennsylvania Company, Trustee.

(Decided December 16, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Master and Servant—Member Accepting Benefit of Relief Fund Must Exhaust 'Remedies Afforded by Rules of Association Before Appealing to Courts.—Employe accepting benefits of relief fund provided by benefit association must exhaust remedies given by rules of association before appealing to courts for additional relief.

2. Limitation of Actions—Action Attacking Decision of Superintendent of Relief Fund Fourteen Years After Rendition Barred.—Action attacking decision of superintendent having charge of employes' relief fund as having been obtained by fraud or mistake, brought fourteen years after such decision was rendered, held barred by Kentucky Statutes, section 2519.

MILLER & MILLER, J. L. RICHARDSON and SHACKELFORD MILLER, JR., for appellant.

HUMPHREY, CRAWFORD & MIDDLETON and W. W. CRAWFORD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Thomas Carmody was a brakeman in the employ of one of the Pennsylvania lines west of Pittsburgh, and on November 24, 1905, while so employed, had his right arm cut off. The Pennsylvania lines west of Pittsburgh in April, 1899, formed a relief department, the purpose of which was to provide accident and sick benefits for the employes of the company whether injured by negligence or not. Membership in the department was optional with the employes. The department was under the management of a superintendent, subject to the final control of the advisory committee, which was composed of six members selected by the employes and six members selected by the company. The fund out of which the benefits were paid was derived from monthly contributions from the wages of the members of the relief department. In the event there was not sufficient money in the treasury to pay the benefits as they accrued, the deficit was made up by the railroad company, which was the trustee for the relief department and as such received and disbursed all moneys.

Carmody was a member of the relief department and filed his application for pay. He was allowed $1.50 per day until some time in the following spring, when the physician of the department certified that he was well, so far as he would ever get well, and sent him to the superintendent for a job. He had then received from the relief department $228.00. He went to the superintendent but declined to accept the job the superintendent offered him because the superintendent did not assure him that it was a permanent job. He then filed suit against the railroad company to recover for his injury. He obtained a judgment in that action in the circuit court, but on appeal to this court it was held that he could not maintain that action. This ruling of the court was based upon the express provision of his contract with the relief department by which he agreed that the acceptance of benefits from the relief fund for any injury should operate as a release from all claims for damages against the company arising from such injury. This court concluding its opinion said:

"Hence it would appear, that the appellee by the acceptance of benefits under the relief department contract because of his injury accepted that contract with its promises and obligations, as an accord and satisfaction of his claim for damages against appellant, and released the claim against appellant, and upon the failure of the relief department to perform its contract, the appellee was relegated to his remedies upon and under that contract." Pittsburgh, Etc., Railroad Co. v. Carmody, 188 Ky. 588.

Carmody then dismissed without prejudice that action and brought this suit against the trustee of the relief fund. The defendant pleaded the following provision of the contract:

"All questions or controversies of whatsoever character arising in any manner, or between any parties or persons in connection with the relief department or the operation thereof, whether as to the construction of language or meaning of the regulations of the relief department, or as to any writing, decision, instruction or acts in connection therewith, shall be submitted to the determination of the super-

intendent of the relief department, whose decision shall be final and conclusive thereof, subject to the right of appeal of advisory committee within thirty days after notice, to the parties interested, of the decision.''

It is alleged that no appeal had been taken from the decision of the superintendent rendered in April, 1905, to the effect that Carmody was entitled to no further relief. Carmody alleged that the decision of the superintendent was obtained by fraud or mistake. This was denied and proof being taken Carmody's petition was dismissed. He appeals.

In Pennsylvania Co. v. Reager, 152 Ky. 824, it was held that the bylaw of the relief association, quoted above, was valid and that the injured employe could not, after accepting the relief claimed, ignore the judgment of the superintendent and sue the trustee. The court said:

"While we will not apply the doctrine except in cases of voluntary relief associations such as the one under consideration, we think it is within the power of such an association to provide for a submission of such question of fact to an impartial tribunal selected by the parties themselves, and make its decision final as to such question, in the absence of a showing of fraud, or mistake. By adopting this rule, we give effect to the bylaws in question, and at the same time give to the injured employe the right finally to resort to the courts, where the evidence is clear and convincing that the advisory committee was guilty of either fraud or mistake.'' The Pennsylvania Co. v. Reager's Admr., 152 Ky. 837.

On the return of that case to the circuit court it was tried on the issue indicated and decided against Reager. Affirming the judgment below the court said:

"Under sections 2515 and 2519, Kentucky Statutes, an action for relief from fraud or mistake must in all cases be instituted within five years from the discovery of the perpetration of the fraud or the making of the mistake, and when the action for that purpose is not instituted until more than five years after the commission of the fraud or mistake, it must

appear that by the exercise of reasonable diligence, it could not have been sooner discovered." Reager's Admrx. v. Pennsylvania Co., 169 Ky. 479.

These opinions are in accord with the weight of authority, insofar as they hold that the member who has accepted the benefits of the relief fund must exhaust the remedies given by the rules of the association before appealing to the courts. Robinson v. Templat, 59 Am. St. Rprs. 193, notes 203-209, 19 R. C. L. 1226-1229.

It is earnestly insisted that the contract in this case was made in Ohio and that under the laws, of Ohio, as held in B. & O. R. R. Co. v. Stankard, 56 Ohio St. 224, 60 Am. St. Rprs. 745, Carmody may maintain this action. But under the stipulation on which the case is tried, Myers v. Jenkins, 63 Ohio St. 101, 81 Am. St. Rprs. 613, is also to be considered, and in that case the court points out that the previous opinion does not bear the meaning attributed to it by appellant. As shown by the opinion the rule in Ohio is the same as Kentucky.

This action was brought fourteen years after the decision referred to was rendered. There is no proof of fraud or mistake sufficient to warrant a recovery, and in addition to this the action was filed more than ten years after the decision was rendered. Plainly under the statute the action was barred by limitation so far as it attacked the judgment referred to on the ground of fraud or mistake. The statute is peremptory.

"But no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud." See Kentucky Statutes, 2519.

Judgment affirmed.