## Hamilton v. Webster's Ex'r

Nov. 22, 1940.

J. G. Vallandingham, Judge.

E. H. Walton for appellant.

R. L. Vincent, F. A. Harrison and C. C. Adams for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

Isabelle Webster died in March, 1936, leaving a will by which she devised all of her property to her relatives without making any provision whatever for her husband, Daniel Webster, who was 80 years of age and in poor physical and mental condition. Shortly after her death, Daniel Webster and his son and only heir at law, Wilson Webster, entered into a written contract with the appellee, F. A. Harrison, an attorney of the Grant County

Bar, by which the attorney was to represent Daniel Webster in prosecuting his claim for his distributable share of his wife's estate, either in a suit contesting the will or renouncing the will, and was to receive as compensation therefor a sum equal to one-half of the amount collected.

Mrs. Webster's net personal estate amounted to $3,669.98 and she was also joint owner with her husband, Daniel, of a farm which later sold for $1,725. Approximately two months after the contract between Webster and appellee, Harrison, Webster was adjudged of unsound mind and a committee was appointed for him. Appellee, Harrison, appears to have represented Webster in that proceeding. Daniel Webster died in March, 1937, approximately one year after the death of his wife and John J. Atha, who had been appointed his committee, qualified as administrator. The present action was filed in the name of John J. Atha, administrator of Daniel Webster, and Wilson Webster, only child and heir at law of Daniel Webster, against Isabelle Webster's executor and the devisees under her will, seeking a sale of the farm which had been owned jointly by Daniel and Isabelle Webster and a division of the proceeds thereof to the parties respectively entitled thereto and also seeking a settlement of the estate of Isabelle Webster. On May 15, 1936, appellee, Harrison, prepared a renunciation of Isabelle Webster's will and this renunciation was signed by Daniel Webster and by his committee and was pleaded in the petition filed for the settlement of Isabelle Webster's estate and for sale of the jointly owned real estate.

Neither Isabelle Webster's executor nor the devisees under her will contested the right of Daniel Webster's administrator to receive the husband's distributable portion of the Isabelle Webster estate and her executor filed in the action a settlement showing the share of Daniel Webster in her estate to be $1,834.99, a considerable portion of which the executor had paid out for the use and benefit of Daniel prior to the filing of the action, the balance having been paid to Daniel Webster's administrator. This settlement showed payment of $200 to F. A. Harrison, attorney for J. J. Atha, committee for D. Webster, which sum apparently was a payment in part of the attorney's fee due under the contract previously mentioned. At least, it was found to be so

by the commissioner's report and this finding was affirmed by the chancellor, which finding we presume to be correct since there was no contention to the contrary.

After the payment of costs in the action there remained from the proceeds of the sale of land in the commissioner's hands the sum of $1,529.56. An order of distribution was entered directing the payment of $1,299.88 of this sum to the appellee, Harrison, and the balance was directed to be paid to the appellant, Hamilton, on his funeral bill. Later an order was entered reciting that the order of distribution just mentioned was entered without the knowledge of the trial judge and it was set aside. The action was referred to a commissioner to ascertain and report claims. The appellee, Harrison, thereupon filed his contract and made his claim for one-half of the $1,834.99, personal estate of Isabelle Webster paid over to Daniel Webster and his administrator, and for one-fourth of the $1,529.56 from the proceeds of the sale of the land (one-half of Isabelle Webster's one-half). Exceptions were filed to this claim by appellants who attacked the contract as being unreasonable and without consideration. Final judgment was rendered allowing appellee, Harrison, one-half of the $1,834.99 (personal estate of Isabelle Webster) and a further fee of $86.25 for prosecuting the suit for sale of the land and division of proceeds and this allowance was to be credited by the $200 theretofore paid him but he was not allowed the one-fourth of the proceeds of the sale of land claimed by him. The net amount found due Harrison was $803.73 and he was ordered to refund $496.15, the balance of the $1,299.88. This appeal is prosecuted by the appellants, Daniel Webster's administrator and certain creditors, from the order thus allowing appellee, Harrison, in effect, a total fee of $1,003.73 and appellee, Harrison, prosecutes a cross-appeal from that portion of the judgment denying his claim for one-half of the proceeds of sale of Isabelle Webster's one-half interest in the land.

From the facts we have recited it is readily ascertained that the contract between appellee, Harrison, and Daniel Webster was utterly unreasonable and that it should have been ignored by the trial court in fixing a reasonable fee for the attorney's services. Since no provision whatever for Daniel Webster, the husband, was made in Mrs. Webster's will neither a will contest

nor a renunciation of the will was necessary and such fact must be presumed to have been known by the attorney. At least, a casual investigation of the law would have disclosed this to be a fact as is evidenced by numerous decisions of this court. See Smoot v. Heyser's Ex'r, 113 Ky. 81, 67 S. W. 21, 23 Ky. Law Rep. 2401; Simmons' Adm'r v. Simmons, 150 Ky. 85, 150 S. W. 59, and cases therein cited.

The only services of any importance rendered by the attorney consisted of advice to the effect that the husband, Daniel Webster, was entitled to his portion of the estate and in bringing the suit for the sale of the land. As heretofore indicated, there was no contest made as to Daniel Webster's share in his wife's estate and a major portion of his share had been paid for his use and benefit before the suit was filed. In such circumstances the allowance of an attorney's fee of $1,278.30 (which would have been the amount of the fee as determined by the contract) would have been utterly unreasonable. This contract was made with an 80 year old man who was very shortly thereafter declared incompetent; it was for an unreasonable percentage of the recovery and should have been ignored by the trial court in the allowance of the fee.

After a careful examination of the record, we are of the opinion that the trial court should have directed the appellee, Harrison, to refund all except $200 of the $1,299.88 collected by him under the original order of distribution. This $200, together with the $200 paid to him by the executor of Isabelle Webster, makes a total attorney's fee of $400 which in our opinion is an ample fee for the services rendered.

The judgment is reversed with directions to enter a judgment in conformity with this opinion.