Jessie G. HEDDEN, Appellant,

v.

Sam. O. HEDDEN, Appellee.

Court of Appeals of Kentucky.
April 25, 1958.

Foster Ockerman, Neil Sullivan, Lexington, for appellant.

Rouse & Rehm, Versailles, for appellee.

MOREMEN, Chief Justice.

Appellant, Jessie G. Hedden, filed complaint in the Woodford Circuit Court and requested that her rights as surviving widow be declared under the 1956 revision of KRS 392.020 generally known as the dower statute. The court dismissed the complaint apparently on the ground that she failed to state a claim upon which relief might properly be granted.

A. D. Hedden died testate. He was survived by appellant, his widow, and by one son, Sam O. Hedden, the appellee. His will, which was duly probated, left his entire estate to appellee, Sam O. Hedden. The widow was not mentioned in the instrument. She filed no formal relinquishment under KRS 392.080 before the clerk of the court where the will had been probated.

Prior to the 1956 revision, KRS 392.020 combined the common law right of dower, which gave to a widow the use, during her natural life after the death of her husband, of one-third of all the real estate of which her husband was beneficially seized at any time during the marriage, with a share created by statute which gave to her one-half of the personalty.

The old statute read in part:

"After the death of either the husband or wife, the survivor shall have an estate for his or her life in *one-third of all the real estate* of which the other spouse or anyone for the use of the other spouse, was seized of an estate of fee simple during the coverture, * * *. The survivor shall also have an absolute estate in *one-half of the surplus personalty* left by the decedent."

. The new version of KRS 392.020 (1956) reads in part as follows:

"After the death of the husband or wife *intestate*, the survivor shall have an estate in fee of *one-half of the surplus real estate* of which the other spouse or anyone for the use of the other spouse, was seized of an estate in fee simple at the time of death. * * * The survivor shall also have an absolute estate in *one-half of the surplus personalty* left by the decedent."

The important word, italicized above, is "intestate" because that word was not in the previous statute.

Whether the husband died testate or intestate did not affect the dower right. If he died intestate, the amount of the widow's portion was plain; if he died testate, the widow was permitted, under KRS 392.080, to relinquish what was given by the will and receive dower instead. But the revision of KRS 392.020 with its limited application to intestate estates required an amendment to KRS 392.080.

The old statute read in part:

"Except as provided in subsection (2), when a widow claims her dowable and distributable share of her husband's estate, she shall be charged with the value of any devise or bequest to her by his will; or she may, though under full age, relinquish what is given her by the will and receive her dower and distributable share as if no will had been made. Such relinquishment shall be made within twelve months after the probate, and acknowledged before and left for record with the clerk of the court where probate was made, or acknowledged before a subscribing witness and proved before and left with the clerk."

It was under this statute that a widow was empowered to relinquish any devise or bequest and "receive her dower and distributable share as if no will had been made." Since the new statute, (KRS 392.020) now applies only to cases where the spouse dies intestate, and it was this statute that fixed dower rights, it was necessary to revamp that provision which gave to either of them the right of renunciation in cases of testacy. So section 392.080 was amended and now reads in part as follows:

"When a husband or wife dies *testate,* the surviving spouse may, though under full age, release what is given to him or her by will, if any, and receive his or her share under KRS 392.020 as if no will had been made, except that in such case the share in any real estate of which the decedent or anyone for the use of the decedent was seized of an estate in fee simple at the time of death shall be only an estate for the surviving spouse's life in *one-third of such real estate.*"

Under the former provisions of the statute, if a widow renounced a will she would receive the same amount as if her husband had died without making a will which was a life estate in one-third of all the real estate and an absolute estate in one-half of the personalty.

■ Under the new dower statute, when a spouse dies intestate the dower interest in the real estate is increased to an absolute fee in one-half of the surplus real estate instead of a life estate in one-third of such realty. But now, when the right of renunciation is exercised under KRS 392.080, the spouse is penalized to the extent that no more is received than was received under the original dower statute. We do not know why this statute was liberalized as to the amount of dower in cases where a spouse dies intestate and remains the same in cases of testacy, but the meaning is clear, even though the motive is obscure.

■ Appellant argues that this court has held in Hamilton v. Webster's Ex'r, 284 Ky. 564, 145 S.W.2d 82, that it is not necessary for a surviving spouse to renounce a will in a case where the will leaves nothing to the survivor and that she is entitled to take the full amount under the 1956 version of KRS 392.020. This argument overlooks that KRS 392.020 relates to cases where the spouse dies intestate. When a will is involved, the statute does not apply. It is not until the right of renunciation under KRS 392.080 is exercised that the neglected spouse is entitled to a dower share under KRS 392.020, and that reference is for the purpose of fixing the amount of personalty. The share of realty is fixed by the renunciation statute. In other words, it does not matter whether the renunciation is formally made in the probate court or is implied by law. The relinquishment is made under KRS 392.080, and all the conditions of that statute are applicable.

Appellant further complains that since the allegation was made that appellee was claiming all the property as his own and is in possession of the two tracts of land involved, the trial court should not have dismissed the complaint for failure to state a claim upon which relief might properly

be granted. Appellee, in his brief, has conceded that "appellant has an unquestioned right of distribution to one-half of the surplus personal property and an unquestioned right to sue for allotment of dower for a life estate in one-third of the real property."

The method used by the trial court—dismissal of the complaint—is not the best means of disposing of a declaratory judgment suit. It would have been better practice if appellee had filed answer and set forth his interpretation of the statutes and the court had declared the rights of the parties in a formal judgment. However, in the past, in suits of this nature, we have condoned such practice by deciding questions where similar procedure was followed. Here, too, we believe it proper to interpret the statutes in this opinion, rather than remand it for formal judgment and then on the next appeal express our opinion. We construe the judgment as recognizing appellant's uncontested rights under KRS 392.020.

Judgment affirmed.