L. M. ABSHER et al., Appellants,

v.

ILLINOIS CENTRAL RAILROAD COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Oct. 28, 1960.

Rehearing Denied Dec. 2, 1960.

W. Pelham McMurry, Earle T. Shoup, Paducah, for appellants.

Wheeler & Marshall, Terrell, Schultzman & Hardy, Reed & Hines, Paducah, for appellees.

WADDILL, Commissioner.

This class action, filed by numerous employees of the Illinois Central Railroad Company against the Illinois Central Railroad Company (hereinafter referred to as the Railroad), Illinois Central Hospital Department (hereinafter called Department), Katter, Inc., and the Guaranty Trust Company of New York, sought a declaration of rights concerning: (1) Whether plaintiffs have proprietary interest in certain property located in Paducah which was formerly owned by the Railroad; (2) whether the sale of this property by the Railroad to Katter, Inc., and the subsequent mortgaging thereof by Katter, Inc., to the Guaranty Trust Company was violative of the terms and conditions of certain instruments under which the property was leased to the Department; (3) whether the proceeds of sale of this property are impressed with a trust in favor of the plaintiffs; (4) whether there has been a curtailment of medical and hospital benefits in violation of the Department's rules and regulations, and (5) whether plaintiffs are entitled to receive further medical and hospital benefits.

Defendants filed answers and moved for summary judgment upon the pleadings, affidavits, and exhibits. The motions of Kat-

ter, Inc., and Guaranty Trust Company were sustained. The Chancellor decided that Katter, Inc., and Guaranty Trust Company were entitled to judgment as a matter of law because plaintiffs failed to establish either a proprietary interest in the property located in Paducah, or a right to have the conveyance or mortgage set aside, or a right to have the proceeds of the sales of the property impressed with a trust in their favor. An order was accordingly entered and it became a final appealable judgment by a recitation required by CR 54.02. The appeal is from that judgment. With respect to the other motions for summary judgment an order was entered reciting that genuine issues of fact were raised concerning whether the Railroad and the Department, or either of them, have failed in the discharge of the obligations allegedly required of them to provide plaintiffs with medical care and treatment.

The record discloses that during the year of 1883 the Railroad established a hospital on certain property it owned in the City of Paducah. On July 30, 1900, the Illinois Central Railroad Hospital Association (hereinafter referred to as the Association) was organized, the object of which was to furnish care and treatment to the sick and wounded officers and employees of the Railroad. The articles of incorporation provided for its corporate existence for a period of 50 years and for a board of directors consisting of members of the supervisory personnel and employees of the Railroad. Plaintiffs and other employees of the Railroad became members of the Association.

On March 20, 1901, the Railroad leased its hospital property at Paducah to the Association, the lease to terminate November 23, 1950, unless the Association renewed its charter, in which event the lease was to continue until July 1, 1996. Under the terms of the lease the Association agreed to operate a hospital upon the leased premises for the benefit of the employees of the Railroad and to conduct the hospital in a manner satisfactory with the Railroad "during the terms of the tenancy created."

Prior to May 16, 1913, the members of the Association voted to become members of the Department, a cooperative association established in 1911 to provide medical care and treatment for a certain group of the Railroad's employees. On May 16, 1913, the lease held by the Association was cancelled by the parties to the lease. The cancellation agreement provided that the Railroad would make the use of its hospital at Paducah available to the Department for the term specified in the former lease to the Association.

Appellants contend that the cancellation agreement did not limit the term for which the property was to be devoted to hospital use for the benefit of the members of the Department. Therefore, appellants argue that the property, or the proceeds of sale of the property, is impressed with a trust in their favor because the Railroad breached its agreement to maintain the premises for hospital purposes when it sold the hospital property to Katter, Inc., in 1957.

In the cancellation agreement it is provided that the Railroad will utilize the hospital for the benefit of its employees "until the end of the term as provided for in the aforesaid indenture dated March 20, 1901." This covenant plainly limits the term of the lease to November 23, 1950, for the reason that the Association did not comply with the provision of the original lease of 1901 whereby the term could have been extended to July 1, 1996, by the renewal of its charter. Therefore, appellants' contention is based upon a false premise.

In view of the fact that appellants' claim to either a proprietary interest in subject property or in the proceeds of its sale is controverted by the instruments of record, and inasmuch as the contentions that appellants were overreached by the Railroad are not supported by either pleading or proof, we have concluded that the Chancellor correctly granted summary judgment in favor of Katter, Inc., and the Guaranty Trust Company.

Judgment affirmed.