CASE 76—PETITION EQUITY—FOR DIVORCE—OCTOBER 6.

# Emma Hick vs. Daniel Hick.

### APPEAL FROM KENTON CIRCUIT COURT.

1. The residence of the husband is, in legal contemplation, the domicile of the wife while the marriage relation continues, although they may be living separately and in different States. (*Maguire vs. Maguire,* 7 *Dana,* 181.)

2. A wife, with the consent of her husband, removed from the State of New York to Kentucky with her father, with whom she and her husband had resided in New York from the time of their marriage. The husband induced the wife to believe that he was also about removing to Kentucky, where they would continue to live together as husband and wife; but he failed to come, or to provide for the support of the wife and a child of the marriage. *Held*—

That the wife is not entitled to a divorce in this State on the ground of abandonment, without proof that abandonment was ground of divorce in New York, where it took place.

C. H. MOOAR,　　　　　　　　　　　For Appellant.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The appellant brought this suit in equity, in the Kenton circuit court, for a divorce from the appellee, her husband, under the provisions of *article 3 of chapter 47* of the Revised Statutes, on the ground of abandonment of her by him, without fault on her part, for one year; and that court having dismissed her petition, she has appealed to this court.

It appears that the parties were married in June, 1864, in the State of New York, where they both then resided, and that they lived together in that State for

about fifteen months, when the appellant's father, with whom they lived, removed to Kentucky, and she came with him, with the consent of her husband, and under the belief, induced by him, that he was about removing also to this State, where they would continue to live together as husband and wife; but although she remained with her father in Kentucky, her husband failed to come to the State, or to make any provision for her, or a child of their marriage living with her.

The 4th section of the article of the Revised Statutes to which we have referred provides, that "suit for divorce must be brought in the county where the wife usually resides, if she has a residence in the State; if not, then in the county of the husband's residence; and no such suit shall be brought by one who has not been a continuous resident of this State for a year next before its institution. Nor unless the party complaining had an actual residence here at the time of the doing of the act complained of, shall a divorce be granted for anything done out of the State, unless it was also a cause for divorce by the law of the country where the act was done."

As the appellee never became a resident of this State, it is obvious, according to these provisions of the statute, that the court properly dismissed the petition, if, at the time the plaintiff instituted her suit, she had not had a legal residence in this State for one year; and even then the judgment was right, if she was a non-resident when the separation occurred, unless the alleged abandonment was a cause for divorce in the country where it took place.

According to the decision of this court in the case of *Maguire vs. Maguire* (7 *Dana*, 181), the residence of the husband is, in legal contemplation, the domicile of the

wife while the marriage relation continues, although they may be living separately and in different States. But if, in the meaning of the statute, the *habitation* of the wife, as contradistinguished from her legal domicile with her husband, should be regarded as her *residence*, yet it seems to us, if the facts attending the separation of the parties, which we have recited, constituted an abandonment of the wife by the husband, it occurred before her removal to this State; and as it does not appear in this case that the acts of the husband complained of were such as to entitle the plaintiff to a divorce by the law of the State where they were committed, there is no error in the judgment dismissing the petition.

Wherefore, the judgment is affirmed.