## MARY S. MERRITT *v.* SAMUEL W. MERRITT.

**Divorce—Residence of Wife.**

Where a wife leaves her husband, on the ground of cruel treatment by him, and takes up her abode in another state, she becomes a resident of the latter state so as to give the chancery court juris-diction of a suit for divorce.

**Divorce—Condonation.**

Where a wife, after acts of cruel treatment on the part of her husband, continued to live with him for several months prior to their separation, it did not constitute a condoning of the offense, especially where his subsequent habits and conduct toward her were bad.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 24, 1872.

Opinion by Judge Hardin:

This is an appeal from a judgment of the Louisville chancery court refusing to grant to the appellant, Mary Sophia Merritt, a divorce *a vinculo* from her husband, Samuel W. Merritt, and dismissing her petition in which she sought that relief, substantially and mainly on the alleged ground that shortly after marriage with appellee, which occurred in July, 1869, and during their residence and cohabitancy in the city of Louisville, he was, without fault on her part, guilty of such acts of cruelty to her, by striking, beating, and injuring, or attempting to injure her, as indicating an outrageous, ungovernable temper in him, and probable danger to her life, or great bodily injury from her remaining with him. The defendant, being before the court by constructive service only, the cause was heard on the petition, warning order and proof taken by the plaintiff, which in our opinion sufficiently sustained the foregoing averments; and also the further allegations of the petition, to the effect that the plaintiff was at the institution of the suit, and had been continuously for one year before, a resident of this state and of Jefferson county.

It appears, however, that before the separation of the parties, they had removed from Kentucky and become domiciled in the state of Tennessee, but the appellant, upon the separation returned to Louisville, Kentucky, where she has since resided in the family of her father. But, although, according to the cases of *Maguire v. Maguire,* 7 Dana 181, and *Hicks v. Hicks,* 5 Bush 670, the residence of the appellant in a strictly legal sense, continued to be with that of her husband, we are of the opinion that after her return to Kentucky, her actual or usual residence was in the city of Louisville; and the chancery court, therefore, had jurisdiction of the action under Sec. 4 of Article 3 of Chapter 47 of the Revised Statutes.

We are further of the opinion that, although, after the commission of the particular acts we have mentioned as constituting a statutory cause of divorce, the appellant went with her husband to Tennessee and continued to live with him there for several months

preceding the separation, the cohabitancy, thus continued, was not a waiver or condonation of the existing cause of divorce; and especially so as the evidence as to the appellee's subsequent habits and conduct, conduces to the belief that his treatment of his wife in Tennessee was not less culpable than it had been in Kentucky.

We are constrained to conclude therefore that the court below erred in dismissing the petition.

Wherefore the judgment is reversed, and the cause remanded with instructions to render a judgment divorcing the appellant and restoring her maiden name to her in accordance with the prayer of her petition. Judge Lindsay dissenting.

*Woolley, for appellant.*

*J. C. Johnston, for appellee.*