CASE 74—PETITION EQUITY—MAY 7.

# Carpenter, Etc. v. Hazelrigg.

APPEAL FROM BATH CIRCUIT COURT.

1. WILLS—SURVIVORSHIP—CONSTRUCTION OF DEVISE.—Where a devise is made to several persons by name, with words of survivorship annexed, if the gift is to take effect in possession immediately after the death of the testator, the words of survivorship refer to the death of the testator; and where a testator after devising land to three daughters stipulated "if either of said girls should die without children, her portion to vest equally in the one or both that should survive," the daughters who survived the father took the fee simple title.

2. HUSBAND AND WIFE—HOMESTEAD AND CURTESY.—A husband who survives his wife is entitled either to a homestead in the land left by her, or to one-third of her real estate for life, but not to both.

3. HUSBAND AND WIFE—PERSONALTY.—The personal property of the wife, which is her general estate, and which she owned at the date of her marriage, became the property of the husband by reason of the marital relation.

4. HUSBAND AND WIFE—RENTS FROM HER SEPARATE ESTATE.—Rents collected by the husband upon the wife's separate estate, in the absence of anything to the contrary, will be presumed to have been disposed of by him in a manner satisfactory to her, and in accordance with her wishes.

5. HUSBAND AND WIFE—IMPROVEMENTS ON WIFE'S LAND.—A claim for improvements made by the husband upon his wife's land can not be enforced by him after her death as against her land.

6. HUSBAND AND WIFE.—While a husband is bound in law to pay the necessary physicians' bills for his wife and her funeral expenses, if he fails to do so, her estate is liable therefor; and her heirs can compel the husband to reimburse them therefor.

R. GUDGELL & SON FOR APPELLANT.

1. It was the manifest intention of the testator that the husbands of neither of his three daughters should have no interest in, or

Carpenter, etc., v. Hazelrigg.

control, of the estate devised to them, and in the event of the death of either of them without children, her portion was to vest in the one or both that should survive.    Graves, &c., v. Spurr, Trustee, 17 Ky. Law Rep., 414.

2. The court erred in adjudging the sale of the land for the payment of the decedent's debt; when the administrator had ample assets in his hands to pay the same, as shown by the commissioner's report.

3. The court erred in refusing to charge the appellee with the rents of the land which he collected shortly before the death of his wife; she held the land as her separate estate and he knew that she so held it.    Carter v. Carter, 2 Bush, 288; Chorn v. Chorn's Admr., 17 Ky. Law Rep., 1179.

C. W. GOODPASTER FOR APPELLEE.

1. The husband having reduced to possession the personal property owned by her at the time of their marriage under the laws then in force became the owner thereof.

2. Under the fourth clause of the will where the testator provided that "if either of said girls should die without children her portion to vest equally in the one or both that should survive," appellee's wife having survived the testator, took a fee simple estate in the land devised to her, the words of survivorship referring to the death of the testator.    Wills v. Wills, 85 Ky., 491; Wren v. Hynes' Admr. 2 Met., 131.

E. C. O'REAR OF COUNSEL ON SAME SIDE.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

In 1880 Michael Carpenter made his will.    In 1888 he died and the will was duly probated.    At the time he made his will his daughters, Hettie, Cynthia Ann and Dolly, lived with him.    Dolly married the appellee, Hazelrigg, before the death of the testator.    The other sisters were unmarried and living with the father at his death.

The second clause of his will is as follows:

"I have made no advancements to my three single daughters, Hettie Jane Carpenter, Cynthia Ann Carpenter and

Dolly Carpenter, who now live with me, and desiring to make my children equal, and considering that the property that I devise them is worth $3,000, I do hereby bequeath to my three daughters my home farm, containing about 120 acres more or less, and also the household and kitchen furniture on hand at my death, and the one or both that remain unmarried are to have their or her portion or portions laid off so as to include the house if she or they so desire. The personal property hereby devised to my daughters may be divided when either of them so desire, and my said three daughters are to have no more of my estate except as hereafter named."

Appurtenant to the questions under consideration is part of clause four of the will, which is as follows:

"The property hereby devised to my three daughters, Hettie, Cynthia Ann and Sally, called Dolly, is to vest in them and their children as separate estate, not subject to the control or liabilities of their husbands should they or either of them ever marry, and if either of said girls should die without children, her portion to vest equally in the one or both that should survive."

After the death of the testator, by an agreement of the daughters named, forty acres of the one hundred and twenty acre tract mentioned in the will was allotted to Dolly Hazelrigg. She died September 28, 1894.

The first question to be determined is, what interest did Dolly Hazelrigg take in the land under her father's will? As she died childless, it is contended that her sisters, Hettie and Cynthia, take the entire tract of one hundred and twenty acres. The tract was devised to the

three daughters and the gift took effect in possession immediately after the death of their father.

Where a devise is made to several persons by name with words of survivorship annexed, if the gift is to take effect in possession immediately after the death of the testator, the uniform rule of construction is, to refer the words of survivorship to that event, and to regard them as intended to provide against the contingency of the death of the object of the testator's bounty in his lifetime. Wren v. Hynes' Admr., 2 Met., 129; Willis v. Willis, 85 Ky., 486.

Had Dolly died before her father then her sisters, Hettie and Cynthia, as survivors, would have taken the entire tract of land, but as she survived her father she took the fee simple estate to one third of it.

Under section 1708, Kentucky Statutes, a husband is entitled to a homestead in the land. Under section 2132 Kentucky Statutes, a husband who survives his wife is entitled to an estate for life in one-third of all the real estate of which she or any one for her use was seized in fee simple during coverture unless such interest shall have been barred, forfeited or relinquished. Of course the husband could not claim a homestead and at the same time the use of one-third of her real estate during his life. If he elects to claim the homestead then he is not entitled to the other interest named. If he elects to claim the use of the one-third during life then he is not entitled to a homestead.

The forty acres of land which had been assigned his wife in the partition of the one hundred and twenty acre tract, was of the value of $1,500, therefore it was to his interest

to claim a homestead in the land. In another case it might be to the interest of a husband to claim the use of one-third of the real estate left by the wife. If a husband claims one of the interests named the other must be regarded as embraced in it.

When Hazelrigg married his wife, she owned a mare and yearling colt, a colt three weeks old, and another horse. The latter was sold shortly thereafter. She also owned a cow, a hog and a small amount of household effects. Very little of that property remained at the death of the wife. They were married in 1885, and soon thereafter the husband took possession of the personal property which his wife owned at that time.

It is unnecessary to quote authority to show that the personal property (general estate), which the wife owned at her marriage with Hazelrigg, became his by reason of the marital relation, the other he seems to have acquired after the marriage. It seems that the husband collected the rent on the farm for the year 1884, and which appears to have been done before the death of the wife. It was the desire of the wife, according to the testimony of the party who rented the farm, that the rent should be paid to the husband. The record does not explain what the husband did with this money. Whether he used it in support of himself and wife or for some other purpose does not appear. It was rents collected upon the wife's separate estate, and in a controversy between the husband and the wife, unquestionably the wife could have compelled the husband to account to her for it, but in the absence of anything to the contrary the presumption ought to be indulged

that the money was disposed of by the husband in a manner satisfactory to the wife, and that it had been expended in accordance with her wishes. This presumption should be indulged because of the relationship that existed between them. Hazelrigg seems to have built a house, smokehouse and barn upon the land and paid for them. The estimate of witnesses as to their value runs from about $200 to $400. If these improvements were made from the rents of the wife's land then of course no claim could be asserted by the husband therefor. If he paid for them with his own money and had never been reimbursed by his wife he can not enforce a claim against the land for such expenditure. It must be regarded that they were placed there for the benefit of the wife, and to pay for which there was no legal liability imposed upon her. Whilst the husband is bound in law to pay the necessary physician's bills for his wife and her funeral expenses, yet if the husband fails to pay them her estate is liable therefor. The husband seems to have failed to pay them, and it was not error for the court to order the land sold subject to the husband's homestead right to pay these expenses. If the land is sold to pay them the husband can be compelled, by appropriate proceedings, to reimburse those to whom her estate descends.

The judgment is affirmed.

Judge Hazelrigg not sitting.