Brand's Exr. v. Brand.

CASE 104—ACTION FOR SETTLEMENT OF AN ESTATE—FEB. 1.

109 721
118 342
109 721
f136 335

Brand's Exr. v. Brand.

APPEAL FROM GRAVES CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

ESTATES OF DECEASED PERSONS—SUIT TO SETTLE ESTATE—JOINDER OF ACTIONS—RENUNCIATION BY HUSBAND OF WIFE'S WILL—EXPENSES OF WIFE'S SICKNESS AND BURIAL.

Held:  1. Under Ky. Stats., sec. 3847, an action against an executor to settle the estate of his testator may be brought as soon as the executor qualifies.
2. Where an executor was directed by the will to sell all the real and personal property, the surviving husband's cause of action for an allotment to him of one-third of the land for life was properly joined with his cause of action against the executor for one-half the surplus personalty.
3. Under Ky. Stats., sec. 2067, providing that "a devisee may disclaim by deed, acknowledged or proved and left for record in the clerk's office of the court in which the probate is made, within a year after notice of the probate," the surviving husband may renounce a provision of the wife's will for his benefit, and claim the share of her estate which the statute gives him.

4. The surviving husband is liable for the necessary expenses of the deceased wife's sickness and burial, and the executor, having paid them, may retain the amount out of his share of the estate.

J. T. WEBB AND W. J. WEBB, FOR APPELLANT.

We think the judgment in this case is erroneous, because:

1. It was rendered without all the parties to the action being before the court.

2. The court erred in sustaining a demurrer to the defendant's plea in abatement.

3. In refusing to require the plaintiff to elect which cause of action he would prosecute.

4. In overruling demurrer to the petition of the plaintiff, B. F. Brand.

5. In sustaining demurrer to that part of defendant's answer which denies plaintiff's right of dower in the real estate.

6. In attempting to hold the plaintiff B. F. Brand liable for burial expenses and physicians' bills of his deceased wife, N. E. Brand.

On the first ground the amended petition shows that Nannie Andrews and Nannie Neal are infants and have no guardian curator or committee in this State. They were legatees under the will of N. E. Brand and are affected by the judgment, and no guardian *ad litem* was appointed to represent them and no answer or report was filed by any one for them. Second, a warning order was made against a non-resident defendant, Sallie Adelotte, seventy-nine days before the day the judgment was rendered.

The plea in abatement should have been sustained because this suit was brought in less than four months after the death of the decedent, N. E. Brand.

The motion to elect should have been sustained because the petition asks for dower in the land, and also for his interest in the personal estate. This is a misjoinder.

We claim that plaintiff, B. F. Brand, had the right to renounce his wife's will and thereby, under the law, was entitled to a life interest in one-third of her land and one-half of her personalty. The answer shows they were married after June, 1894.

The answer asks that he be adjudged to pay $825 for doctors' bills, nursing and burial expenses of decedent out of his part of the estate in the event that he be permitted to renounce the will. Demurrer to the answer should have been sustained.

### AUTHORITIES CITED.

On question judgment rendered before parties before the court. Civil Code, sec. 36, subsec. 1; Curd v. Williams, 13 Ky. Law Rep., 855; Allsmiller v. Freutchenicht, 86 Ky., 198; Keller v. Wilson, 90

Brand's Exr. v. Brand.

Ky., p. 350; Hocker v. Montague's Admr., 29 S. W. Rep., 874; Civil Code, sec. 374.

Action of court in sustaining demurrer to plea in abatement. Ky. Stats., 3847, 3860.

Refusing to require the plaintiff to elect. Civil Code, sec. 85.

Overruling demurrer to petition and sustaining demurrer to answer. Ky. Stats., 2128, 2147, 2132, 1404, 4827; Flood v. Thomasson, 25 S. W. Rep., 108; Am. & Eng. Ency. of Law., vol. 14, p. 596; Cooper v. McDonald, 7 Ch. D., pp. 288, 299; Poole v. Blakie, 35 Ill., 455, 502; Burton v. Holley, 18 Ala., 408, 411, 412; Churchill v. Dibben, 9 Sim, 447, 452; Carpenter, &c., v. Hazelrigg, 45 S. W. Rep., 666; Long v. Beard, 48 S. W. Rep., 149.

ROBERTSON & THOMAS, FOR APPELLEE.

(No brief in record. )

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee B. F. Brand is the surviving husband of N. E. Brand, who died testate in Graves county in April, 1898, the owner of a considerable estate in real and personal property. By her will, which was duly probated after her death, she devised to her husband, appellee, B. F. Brand, $500 in money and one bed and bedding. The rest of her property she devised to others, and directed her executor to sell the land and personal property, and distribute the proceeds pursuant to the will. Appellant, J. T. Webb, the executor named in the will, qualified, and undertook the execution of the trust. On August 17, 1898, or about four months after the qualification of the executor, appellee, B. F. Brand, filed this suit against the executor and the devisees, in which he alleged that on August 15th, by deed duly signed and acknowledged by him, and recorded in the county clerk's office, he had renounced the provisions of his wife's will. He prayed a settlement of the estate and judgment for one-half the surplus personalty left by his wife, and that one-third of the real estate be allotted to him for life. The executor insists

that the action was prematurely brought, six months not having elapsed since his qualification, and that the cause of action for the allotment of one-third of the land for life to the surviving husband could not be joined with the suit to recover of the executor judgment for one-half of the surplus personalty. He also insists that there is no statute authorizing a husband to renounce his wife's will, and that appellee is therefore bound by the will, and entitled to no part of the estate, except by virtue of its provisions. After the death of the testatrix, the executor paid out of the estate left by her the necessary expenses of her last sickness, including nursing, medicines and doctors' bills. He also paid the funeral expenses, and by his answer he alleged that all these items were payable by the appellee, and asks that out of anything adjudged to him by the court the sums so paid should be retained by the executor. There are some other questions made in the case, but these are all that need be noticed.

The action was not prematurely brought. Section 3847, Kentucky Statutes, forbids the bringing of an action against the personal representative within six months after his qualification, "except to settle the estate." An action for settlement of the estate may be brought as soon as the representative qualifies. Holland v. Lowe (Ky.) 39 S. W., 834, (41 S. W., 9). The action brought by the appellee was an action to settle the estate.

There was no misjoinder of causes of action, for the reason that the executor was directed by the will to sell all the real and personal property, and the executor as well as the devisees were necessary parties to an action to divide the land or to distribute the personalty. The land had to be sold in order to settle the estate, and it was wholly unnecessary to bring two actions, and then con-

solidate them. The personal estate, as clearly appears from the record, could not have been without a sale of the realty.

Section 2132, Kentucky Statutes, is as follows: "After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seised of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished; and the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent." This section is taken from the act approved March 15, 1894, for the better protection of married women, commonly known as the "Weissinger Act" (Acts 1894, p. 178). It will be observed that by it the surviving husband or wife is placed on the same plane. Either takes an estate for life in one-third of all the real estate of which the deceased spouse "was seised of an estate in fee simple during the coverture," and "an absolute estate in one-half of the surplus personalty left by such decedent." The life estate in the land clearly could not be defeated by a will made by the decedent. This was well settled as to widows under the former statute, where substantially the same phraseology was used as to them, and the plain purpose of the revision was to put surviving husbands on equality with surviving wives. The right to "one-half of the surplus personalty left by such decedent" is vested by the statute in "the survivor," and this right given by the law can no more be defeated by the will of the survivor than the life estate in one-third of the land. Section 1404, Kentucky Statutes, provides for renunciation by the widow of her husband's will. This section, it is true, does not

apply to surviving husbands, but section 2067 provides: "A devisee may disclaim by deed, acknowledged or proved and left for record in the clerk's office of the court in which the probate is made, within a year after notice of the probate." This section applies to all devisees who may wish to stand upon their legal rights, and be unwilling to accept in lieu of them the provisions of the will. Appellee, B. F. Brand, was therefore entitled to the relief sought by him, notwithstanding the will made by his wife.

The remaining question is whether appellee is liable for the necessary expenses of his wife's last sickness and burial, and whether, these having been paid by the executor out of the estate, he should be allowed to retain the amount out of what is coming to appellee from the estate. Section 2130, which is also taken from the act referred to, is as follows: "The husband shall not be liable for any debt or responsibility of the wife contracted or incurred before or after marriage, except to the amount or value of the property he may receive from her or by her by virtue of the marriage, but shall be liable for necessities furnished to her after marriage."

In Carpenter v. Hazelrigg (Ky.) 45 S. W., 666, this court said: "While the husband is bound in law to pay the necessary physician's bills for his wife and her funeral expenses, yet if the husband fail to pay them her estate is liable therefor. The husband seems to have failed to pay them, and it was not error for the court to order the land sold subject to the husband's homestead right to pay these expenses. If the land is sold to pay them, the husband can be compelled, by appropriate proceedings, to reimburse those to whom her estate descends." In Long v. Beard (Ky.) 48 S. W., 158, this court again said: "The husband is bound in law for the physician's bills and bur-

ial expenses of his deceased wife, as these are obligations for which he was primarily liable." The court below erred in holding that the executor could not retain out of the funds coming to the appellee from the estate the amount paid by the executor for the necessary expenses of the wife's sickness and burial. On the return of the case, either party will be allowed an opportunity to take proof, if he desires to do so. Judgment reversed, and cause remanded for further proceedings consistent with this opinion.