CASE 39.—ACTION BY WILLIAM CRICK. AGAINST M. S.
HARDIMAN'S ADMINISTRATOR FOR SERVICES
RENDERED THE DECEASED.—January 15.

# Hardiman's Admr. v. Crick

Appeal from Hopkins Circuit Court. ●

J. F. GORDON, Circuit Judge.

Judgment for plaintiffs, defendant appeals—Affirmed.

1. Executors and Administrators—Claims Against Decedent's
   Estate—Evidence.—The relationship of stepson-in-law and
   stepmother-in-law living together is too remote to raise the
   presumption that they were living together for mutual convenience, and that services rendered the stepmother-in-law
   by the stepson-in-law were gratuitous, and the rule that much
   stricter proof is required to establish a contract of one of
   such persons to pay for services rendered by the other, in
   enforcing claim against decedent's estate, than in ordinary
   cases, does not apply.

2. Husband and Wife—Contract of Wife—Necessaries.—Under
   the express provisions of Ky. St. 1902, section 2128, a wife
   may contract as a single woman, except that she cannot
   make executory contracts to sell or mortgage her real property unless her husband join. Section 2127 makes her estate
   liable for her debts contracted after marriage, except as
   otherwise provided. Held, that having the power to contract
   for services and personal care for herself, and having contracted therefor, her liability was not affected by the fact
   that section 2130, by making the husband liable for necessaries furnished the wife after marriage, imposed upon her
   husband as between him and his wife the primary obligation
   to pay for necessaries furnished her.

GORDON, GORDON & COX for appellant.

Hardiman's Admr. v. Crick.

## SYNOPSIS.

1. The petition does not state a cause of action, and the demurrer should have been sustained. (9 Cyc. of Law and Procedure, 730; Douglas v. Central Land Co., 12 W. Va. 502; Braxton v. Lipscomb, 2 Munf. (Va.) 282; Hill v. Harvey, 2 Munf. (Va.) 525; Buckner v. Blair, 2 Munf. (Va.) 336; Nicholson v. Dixon, 5 Munf. (Va.) 198; Mast, &c., v. Lehman, 100 Ky. 464; Layfette Agricultural Works v. Trustees, &c., 4 Ky. Law Rep. 447.)

2. The court should have given a peremptory instruction to the jury to find their verdict for the defendant. Price v. Price, 101 Ky. 28; Newton's Exor. v. Field, 17 Ky. Law Rep. 769; Hall v. Finch, 29 Wis. 278; Wallace v. Denny's Admr., 28 Ky. Law Rep. 987; Reynolds v. Reynolds, 92 Ky. 556; Wayman v. Wayman, 101 Ky. 32; Arnold v. Wise, 18 Ky. Law Rep. 489; Turner's Admr. v. Turner, 18 Ky. Law Rep. 822; Gross v. Newman, 20 Ky. Law Rep. 1911; Hedges v. Hedges, 24 Ky. Law Rep. 2222; Leahy v. Lilland, 26 Ky. Law Rep. 120; Green's Exor. v. Green, 26 Ky. Law Rep. 1009; Mark's Admr. v. Boardman, 28 Ky. Law Rep. 455; Wallace v. Denny, 979; Sullivan v. Sullivan, 29 Ky. Law Rep. 242; Foley v. Dillon, &c., 32 Ky. Law Rep. 222.)

3. The court erred in instructing the jury. (Ky. Stats., sec. 2170; Carpenter v. Hazelrigg, 103 Ky. 538; Long v. Beard, 20 Ky. Law Rep. 1036; Brand's Exor. v. Brand, 22 Ky. Law Rep. 1366; Towery v. McGaw, 22 Ky. Law Rep. 156; 2 Beach, Modern Law of Contracts, sec. 1254; Rushing v. Chancey, 92 Ga. 769, 19 S. E. 711.)

4. The motion for a judgment notwithstanding the verdict should have been sustained. (Mast, &c., v. Lehman, 100 Ky. 464.)

5. Incompetent testimony was erroneously admitted by the court.

WADDELL & DEMPSEY for appellee.

## CONCLUSIONS.

Beaten on every proposition, appellant finds himself reduced finally to the contention that there was not sufficient evidence of an express contract to pay for the care and feeding of the horses and cattle, while the proof is entirely clear that the contract to pay referred to all the service to be rendered and necessarily included these items; yet the law implies a contract to pay for such services, as the presumption of gratuity applies only to such services as are personal to the one who is the object of the affection. Really appellant thought so little of this point

that he would not make his instruction (No. 2) embodying his idea reviewable by assigning it as ground of new trial. Appellants reasons for reversal of this small judgment (after two verdicts against him), appear puerile and ridiculous. The desperate, stubborn, resistance to the payment of this just claim is the cause of much delay and protracted litigation. The express threat of further litigation if this court will not humor his unreasonable whims not only fails to frighten but should cause appellant to hang his head in shame.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

Plaintiff, William Crick, brought this suit to recover from the estate of Martha S. Hardiman, deceased, the sum of $500 for services which he claims to have performed under a contract with Mrs. Hardiman, from November, 1901, to April, 1902. These services consisted in moving Mrs. Hardiman from her home to plaintiff's home, and taking care of and nursing her and feeding certain stock. The petition states that the estate of M. S. Hardiman is justly indebted to plaintiff in the sum of $500 under contract entered into between M. S. Hardiman and plaintiff for certain services, setting them forth. It then says that said services were rendered to said M. S. Hardiman by plaintiff within five years last past, at her special instance and request, and for which she expressly promised to pay plaintiff the reasonable value thereof, which was not less than $500. There were two trials of this case. The first resulted in a verdict in favor of plaintiff for $352, which was set aside by the trial judge. The second trial resulted in a verdict and judgment for plaintiff in the sum of $287.50. From this last judgment this appeal is prosecuted.

Mrs. Hardiman, whose estate is sought to be

charged in this action, was the second wife of George W. Hardiman, and a step-mother of plaintiff's wife. The claim therefore, is one by plaintiff against his stepmother-in-law. According to the testimony of three or four witnesses, Mrs. Hardiman told the plaintiff that, if he would come and move them from Barnsley to his home and keep them, she would pay plaintiff well for it. Plaintiff filed an itemized statement showing the character and kind of services rendered by him in conformity with the agreement alleged to have been made between him and Mrs. Hardiman.

Appellant contends that the demurrer to the petition should have been sustained. We are of the opinion, however, that any defect in the petition was cured by the answer and verdict.

It is next insisted: That this case falls under the rule laid down in Price v. Price, 101 Ky. 28, 39 S. W. 429, 19 Ky. Law Rep. 211, and other cases of this court, holding that, where the relationship between the parties is such as to raise the legal presumption that they lived together as a matter of mutual convenience, the law will not imply a promise of compensation, but that much stricter proof will be required to establish a contract to pay than would be required between strangers; that under this rule the proof in this case is not sufficient, and the jury should have been peremptorily instructed to find for the defendant. The relationship in this case was that of stepson-in-law and stepmother-in-law. In our opinion this relationship is entirely too remote to create the presumption that the services rendered by plaintiff were a mere gratuity. That being the case, the rule requiring stricter proof of the contract than in ordinary cases does not apply. We think there was sufficient proof of an express promise on the part of

Mrs. Hardiman to pay the plaintiff, and we are confirmed in this view by the verdicts of two juries who reached the same conclusion.

Nor do we think there is anything in appellant's contention to the effect that Mrs. Hardiman's contract was invalid because, under section 2130 of the Kentucky Statutes of 1903, the husband is made liable for necessaries furnished to the wife after marriage. This may be true, but it does not deprive the wife of the power to make a contract to pay for such necessaries. By section 2128 of the Kentucky Statutes of 1903, she is empowered to make contracts and sue and be sued, as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract. By section 2137, her estate is made liable for her debts and responsibilities contracted after marriage. Having the power to contract, and having made the contract to pay for the services rendered by plaintiff, her liability to him is not in any wise affected by the fact that the law imposes upon her husband as between him and his wife the primary obligation to pay for necessaries furnished her.

The instructions to the jury fairly embodied the issues involved, and, upon a consideration of the whole case, we are unable to find any error prejudicial to the substantial rights of appellant.

Wherefore the judgment is affirmed.