## Underhill v. Mayer.

(Decided February 23, 1917.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Husband and Wife—Bills and Notes—When Wife Surety For Her Husband.—Where medical services were furnished to a wife, at the instance and request of the husband, and charged upon the books of the doctor against the husband, who failed to pay same, and the wife at the request of the doctor gave her note for the account, with her daughter as surety. Held, that the wife was not responsible upon the note, las it was the debt of her husband.

2. Husband and Wife—Estate of Wife—Debts of Husband.—The estate of a wife is not liable for debts of her husband unless such estate is set apart for that purpose by deed of mortgage or other conveyance.

3. Husband and Wife—Contracts of Wife.—Where a wife makes the contract, procures the services, and the debt is charged to her at her instance and request, she is liable for same, but her husband is primarily liable for the same debt if it be for necessaries.

BURWELL K. MARSHALL for appellant.

STRAUS, LEE & KRIEGER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This is a suit by Mattie Lee Mayer, widow of Dr. Chester Mayer, upon a note for $892.50, given by Evie S. Underhill, and Sallie McCandless Kemper to Dr. Chester Mayer, April 2nd, 1911.

Mrs. Underhill was at the time of the execution of the note, and for many years prior thereto, a married woman living with her husband, Tracy Underhill, in Louisville, Jefferson county, Kentucky. She became sick and required the services of a physician. At first the regular family physician was called, but later Tracy Underhill called Dr. Chester Mayer to attend his wife, and Dr. Mayer did attend her for many months, for which he made a charge on his books of $892.50 against Tracy Underhill, the husband of his patient.

Mrs. Underhill, yet an invalid, was about to depart from the state for a prolonged visit in search of health, when Dr. Mayer, on April 2nd, 1911, came to see her and told her that her husband, Tracy Underhill, had failed to pay the doctor bill and that he would like her to execute a note for the amount, $892.50, which she did of that date, giving her daughter, then Miss Sallie Mc-Candless Underhill, as surety. The services had been charged to Tracy Underhill on the books of Dr. Mayer, and it is conceded that it was the debt of the husband, Tracy Underhill, although the services were performed by the doctor in treating Mrs. Underhill.

The father of Mrs. Underhill paid $100.00 on account to the doctor. Upon a hearing of the case in the circuit court a jury was waived and the court made a finding of both fact and law, entering a judgment for $892.50 with interest at 6% per annum from the 2nd day of April, 1911, until paid, subject to a credit of $100.00 as of April 25th, 1911, and cost, against Mrs. Underhill; the other defendant, Mrs. Kemper, not being before the court. From this judgment Mrs. Underhill appeals, alleging that the court erred to her prejudice in holding that she was liable for the debt of her husband, Tracy Underhill, who had contracted for the service, and she relies upon sections 2127, 2128 and 2130, Kentucky Statutes. The services of the doctor were furnished at the instance and upon contract with the husband, and were charged to him.

The finding of law by the court contains this clause: First. That although such medical services were rendered by Dr. Chester Mayer at the instance and request of Tracy Underhill, the husband of Evie S. Underhill, the defendant, Evie S. Underhill, had the right to undertake the payment of the same out of her own estate, and to execute and deliver the note sued on, as evidence of

such undertaking and promise. Second. That such undertaking and promise on her part was not violative of the provisions of section 2127, Ky. Stats., as the whole consideration of the note, was professional services rendered to the said Evie S. Underhill herself.

The circuit court in rendering the judgment and making the finding of fact and law, relies upon the case of Thomas v. Banking Company, 157 Ky. 473.

The appellant, Mrs. Underhill, in her brief, asserts that "a married woman is not liable for any debt, contracted by her husband even though for necessaries for the family, his wife included," but "the husband is liable individually for a debt contracted by his wife for necessaries purchased by her, although he did not agree to pay for same."

Section 2127, Ky. Stats., provides that during the marriage relation, the wife shall hold and own all her estate to her separate and exclusive use, free from the *debt,* liabilities or control of her husband and that "no part of a married woman's estate shall be subjected to the payment or satisfaction of any liability, upon a contract made after marriage, to answer for the *debt,* default or misdoings of another, *including her husband, unless* such estate shall have been *set apart for that purpose by deed or mortgage or other conveyance."*

Section 2130, Ky. Stats., provides:

"The husband shall not be liable for any debts or responsibility of the wife contracted or incurred before or after marriage, except to the amount or value of the property he may receive from or by her by virtue of the marriage, but shall be *liable for necessaries furnished her after marriage."*

It has often been held by this court that a married woman is liable for necessaries furnished and charged to her during coverture, although the husband is primarily liable for the same debt. Ketterer v. Nelson, 146 Ky. 7; Hardiman's Admr. v. Crick, 131 Ky. 358; Brand's Exr. v. Brand, 109 Ky. 721; Towery v. McGaw, 22 K. L. R. 155; Carpenter v. Hazelrigg, 103 Ky. 538; Dearing v. Moral, 25 Ky. L. R. 1545; Thomas v. Boston Banking Company, 157 Ky. 473.

This is the rule where the wife makes the purchase, procures the service, or makes the contract, but is it the rule where the husband made the purchase, procures the

service, or made the contract, even though it be for neces-saries, and the wife gets the benefit thereof?

Under the common law, the note of a married woman was void. Page on Contracts, sec. 911. Moreover, the wife was not bound personally, even for necessaries. The husband is primarily responsible, and without an agreement on her part to pay for necessaries or household supplies, she will not in the absence of an express statutory provision, bind her separate estate, or be personally liable (21 Cyc. 1445.) And, "No personal judgment could be had against a wife even for necessaries furnished upon her contract. Hayden v. Bohlsen, 7 Ky. L. R. 749. The Weisinger act of 1894, which includes sections 2127, 2128 and 2130 changes the rule of the common law in this respect.

This was the *debt of the husband*, Tracy Underhill. The credit was extended to the husband, not the wife. It was so carried on the books of Dr. Mayer. After the services had been performed and the debt incurred by Tracy Underhill, and he had failed to pay the account, Dr. Mayer induced the wife, Mrs. Underhill to execute the note sued on. It being the *debt of the husband,* the execution of the note by Mrs. Underhill, the wife, could amount to no more than the wife becoming a surety for the husband, which, under the law, she could not do. The note of a wife given for the debt of the husband, has no binding force. Therefore, this note had no validity. Then, too, the statute, section 2127 declaring that a married woman's estate shall be held by her to her separate and exclusive use free from the debts, liabilities or misdoings of *her husband*, and not to be subjected to the payment or satisfaction of any liability upon a contract made after marriage, to *answer* for the *debt* of another, *including her husband,* unless such estate shall have been *set apart* for that purpose by *deed of mortgage,* or *other conveyance,* would seem to preclude the wife from obligating herself or estate for the debt of her husband, except as provided therein. The wife was not responsible for necessaries sold or furnished to the husband notwithstanding she may have received a part or all of the benefits, nor, can her estate be bound for such necessaries unless by deed or mortgage; *a fortiori,* can she be bound personally. In no event, therefore, could Mrs. Underhill be bound upon this note.

A long line of cases are cited by appellee to sustain her contention that a married woman is liable for necessaries furnished to her during coverture, but these cases are easily distinguishable from the case at bar, because in each instance it was the debt of the wife, instead of the debt of the husband for which she, or her estate, was bound. Where the estate of the wife was held to be bound for the debt of the husband, it had been set aside for that purpose by mortgage or other conveyance, which was not the case here. It has never been held that the wife is liable for debts contracted by the husband.

The trial court based its opinion and judgment upon the case of Thomas v. Boston Banking Company, *supra*. In that case the husband and wife by a note signed by both, secured a loan of $1,500.00 from a bank, and paid that sum on the purchase price of a tract of land, the title of which was taken to the wife. She was the sole beneficiary of the loan. The money which they received from the bank was invested in the lands, and the deed made to her. The husband received no benefit from the loan; the wife received it all. Upon this ground the court held that the wife was bound on the note as principal debtor to the bank, because it was her debt, and not that of her husband. Had it been the debt of the husband, and had he received the deed to the property, and received the benefit of the loan from the bank, quite a different state of case would have been presented and the ruling of this court would have been quite the opposite. By the rule established in this state under the statute, *supra,* the estate of a married woman may become liable for necessaries furnished her at her request or upon her contract, but not upon the request or contract of another, including her husband. The husband is primarily liable for necessaries, including medical attention, furnished the wife, but if the necessaries be furnished at the instance of the wife, on her request or contract, she is liable also for the debt, even though it is first the duty of the husband to pay the same debt. If he fail, the wife must respond. So, also, if the credit be extended to the wife, and the debt charged against her, she is liable. If it be for necessaries, it is the duty of the husband to pay the debt, but if he fail, and the credit was extended to the wife and charged to her, she is liable also, but not so, if it be a debt contracted by the husband, even though it be for necessaries all or a part of which were for the wife.

For the reasons indicated the judgment is reversed and remanded with directions to enter a judgment in conformity to this opinion.