## Davis v. Davis.

(Decided April 28, 1925.)

### Appeal from Greenup Circuit Court.

1. Husband and Wife—Husband Legally Obligated to Support Wife.
   —A husband is under a legal obligation to support his wife.
2. Divorce—Allowance of $75.00 Per Month to Wife Held Not Excessive, Despite Impaired Health of Husband.—Allowance of $75.00 per month as alimony to wife of man making $2,200.00 a year held not excessive, despite fact that husband, because of his impaired health, would not work as much as he does as a locomotive engineer, if he were not required to pay alimony, in view of chancellor's power at any time to decrease allowance to meet any change in situation of parties.

S. S. WILLIS for appellant.

PRICHARD & MALIN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant and appellee were married in the year 1888 and had four children. They lived together until the year 1908 when he went to Russell, Kentucky, and she went to Morgantown, West Virginia, in order that the children might attend the State University.

In the year 1913 appellant sued appellee for divorce on the ground of abandonment. Appellee filed an answer denying the abandonment and pleaded that appellant had abandoned her and asked for alimony, which was granted at the rate of $75.00 a month. In October, 1914, appellant filed an amended petition setting up his discharge in bankruptcy as a bar to appellee's right to alimony, and to this pleading a demurrer was sustained. In 1923, appellant filed a second amended petition asking a divorce on the ground of a five years' separation, and seeking to have the allowance set aside. The parties pleaded to an issue, took proof, and on final hearing the chancellor granted the divorce, but continued the allowance of alimony at the rate of $75.00 a month.

The record does not show that the separation was due to such fault on the part of appellee as would deprive her of the right to alimony, so the only question for decision is whether the allowance is too large. The situation is this: With the $75.00 a month allowed her, and such assistance as the children could give while getting an

education, appellee has borne the burden of maintaining the family. While the children are now of age, they are not able to help her much. She lives with one of them whose income is small, and by combining their resources they are able to maintain the home and make both ends meet. She is not equipped for making her living in any other way. Appellant is a locomotive engineer and earns $8.40 a day when at work. During the year preceding the taking of the depositions he earned $2,259.60. He has been operated on twice and one of his kidneys has been removed. For this reason it is claimed that the other kidney has too much to do and by reason thereof his limbs are often swollen and he works with great difficulty. He insists that he is not able to work regularly, and that if he were not required to pay alimony he would not work as much as he does. There are times when many of us would like to stop work because our strength is not equal to the task, but the moral and legal obligations which we owe to others make it necessary for us to carry on and do our part in life. Here, appellant is under a legal obligation to support his wife, and as long as he is able to work and earn an income of over $2,200.00 a year, although his physical condition may be such that he prefers to work a shorter time, we are not prepared to say that an allowance of $900.00 a year is too large, especially in view of the fact that the chancellor has full power at any time to decrease the allowance to meet any change in the situation of the parties.

Judgment affirmed.