## Turner v. Turner.

(Decided October 30, 1925.)

### Appeal from Harlan Circuit Court.

1. Divorce—Judgment of Separation from Bed and Board May be Rendered, though Grounds Insufficient to Authorize Grant of Absolute Divorce.—A judgment of separation from bed and board may be

rendered on grounds that would not be sufficient to authorize granting of an absolute divorce, but which court, in exercise of its sound discretion, may deem proper and sufficient for the purpose, in view of Kentucky Statutes, section 2121.

2.  Divorce—Discretion of Court to Grant Judgment of Separation from Bed and Board Not Arbitrary or Unlimited.—Discretion of court in granting a judgment of separation from bed and board under Kentucky Statutes, section 2121, is not arbitrary or unlimited, but a sound legal discretion, only to be exercised for such causes as may be deemed to be sufficient when considered with just and reasonable regard to legal rights and obligations of both parties.

3.  Husband and Wife—Husband Must Provide Reasonably Suitable Home for Wife.—Full legal duty of husband towards his wife is not performed without provision by him of a reasonably suitable home, commensurate with his means and station in life within which she may live and perform her duty as wife and housekeeper, in reasonable peace and safety, and without well founded apprehensions of actual or threatened violence of her person, or of constant annoyance to her peace and happiness.

4.  Divorce—Chancellor's Finding Wife Had Grounds for Apprehension of Her Personal Safety Sustained.—In suit for divorce a mensa et thoro, evidence held not to show that chancellor was in error in concluding that plaintiff had grounds for apprehension of her personal safety.

5.  Divorce—Evidence Held to Establish Other Cause Mentioned in Statute Authorizing Divorce a Mensa et Thoro.—In suit for divorce, evidence held sufficient to establish the "other causes" mentioned in Kentucky Statutes, section 2121, authorizing court, in exercise of its sound discretion to render decree a mensa et thoro.

6.  Husband and Wife—Duty of Wife to Adjust Herself to Husband's Financial Condition and Ability to Provide for Her.—It is duty of wife to adjust herself to her husband's financial condition and ability to take care of and provide for her, which includes, if necessary, a denial of conveniences, luxuries, and comforts that she may have formerly enjoyed.

7.  Husband and Wife—Husband Required to Remove Cause or Move Residence, where Wife has Reasonable Apprehension for Her Personal Safety by Continuing to Inhabit Home of Her Husband.— Where a wife has reasonable and well grounded apprehension for her personal safety when inhabiting home of her husband, husband must either remove the cause or move his residence, since it is his duty to protect her from threatened dangers, especially where wife is entirely without fault and husband is financially able to acquire another home.

8.  Divorce—Award of $500.00 for Maintenance and $150.00 Attorney's Fees Held Not Excessive.—In action for divorce a mensa et thoro, judgment for plaintiff for $500.00 for maintenance and $150.00 for

her attorney's fees held not excessive, where defendant owned property worth $5,000.00 or $6,000.00.

ACREE & BAKER for appellant.

CHAS. B. SPICER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At the time of the marriage of the parties to this litigation, in August, 1922, the appellant and defendant below, James Turner, was about 65 years of age and the appellee and plaintiff below, Vesta Turner, was about ten years younger. It was the second marriage of both of them and both had grown children by their former marriages. Those of the defendant were married and living in the immediate vicinity of his home. After the marriage, they lived in defendant's residence and, according to the proof, in apparent peace and happiness, at least for persons of their surroundings and environments, until some time in March, 1923, when plaintiff left defendant's home and went to that of her married daughter some ten miles away, and then brought this equity action against defendant, seeking a recovery against him for maintenance and alimony and a divorce *a mensa et thoro,* upon the ground of defendant's cruel and inhuman behavior towards her for not less than six months, in such manner as to indicate a settled aversion to her and to permanently destroy her peace and happiness; and upon the further ground, that defendant failed to provide for her a reasonably quiet, peaceful and safe house in which to live, by reason of which her life was endangered and her mental quietude was constantly disturbed from threats and rumors of threats against her life by some of defendant's children by his former marriage, who entertained animosity towards her and who thereby sought the destruction of the marital relation. Appropriate pleadings made the issues and upon final submission, the circuit judge who heard the cause granted the prayer of plaintiff's petition and rendered judgment in her favor for $500.00 maintenance, and allowed her attorneys a fee of $150.00, to be taxed as costs against defendant, and from that judgment he prosecutes this appeal.

It is the settled rule that a judgment of separation from bed and board may be rendered by the court upon grounds that would not be sufficient to authorize the granting of an absolute divorce but which the court in

the exercise of its sound discretion may deem proper and sufficient for the purpose. Such authority is expressly given by the provisions of section 2121 of our statutes when it says: ''Judgment for separation or divorce from bed and board may also be rendered for any of the causes which allow divorce, or for such *other cause* as the court in its discretion may deem sufficient.'' (Our italics). The discretion of the court, however, is not arbitrary or unlimited, but a sound legal discretion and only to be exercised for such causes as may be deemed to be sufficient when considered with a just and reasonable regard to the legal rights and obligations of both parties. Shrock v. Shrock, 4 Bush 682. Later cases authorizing such judgments of separation upon proof of facts not in themselves sufficient to establish grounds for an absolute divorce, but which this court held sufficient to uphold a decree *a mensa et thoro,* are Ramsey v. Ramsey, 162 Ky. 741; Stephens v. Stephens, 194 Ky. 180; Phillips v. Phillips, 173 Ky. 608, and Burns v. Burns, *idem.* 105.

It is also a well settled principle, that the full legal duty of a husband toward his wife is not performed without the provision by him of a reasonably suitable home, commensurate with his means and station in life within which she may live and perform her duties as wife and housekeeper in reasonable peace and safety, and without well founded apprehensions of actual or threatened violence against her person, or of constant annoying disturbance to her peace and happiness.

The testimony of plaintiff in this case was to the effect that some of defendant's married children living in the immediate vicinity threatened her with violence if she continued to live with defendant as his wife; that they threatened to destroy the residence with explosives, and to commit other desperate acts, whereby she became very much frightened and alarmed and discussed the matter with her husband and urged him to move their residence from that place to another one where they could live in safety and where she would be relieved from such threatened danger or mental terror. To some extent she was corroborated in that testimony, and the husband himself when on the stand did not in terms deny it, but stated that he informed his wife that he would protect her from such dangers. However, he was away from home a great deal of the time, and necessarily could not guard his residence throughout the night, which rendered

his promises of protection of but little avail and by no means removed the cause of the wife's apprehensions. It is true that the proof introduced by the defendant contradicted the ground of the plaintiff's apprehensions of her personal safety, but the chancellor who heard the case necessarily found otherwise, and we are not prepared to say, under the rules measuring the weight that we will give to the findings of fact by the trial court, that he was in error in so concluding.

Neither are we of the opinion that the facts so found by the chancellor were insufficient to establish the "other cause" mentioned in the statute authorizing the court in the exercise of its sound discretion to render such decree. Of course, we would not be understood as holding that a fastidious wife, under the pretence of being displeased with the location or surroundings of her husband's home, would be justified in abandoning it. On the contrary, it is her duty to adjust herself to her husband's financial condition and ability to take care of and provide for her; which includes, if necessary, a denial of conveniences, luxuries and comforts that she may have formerly enjoyed, since in assuming the relation of wife she engages as a helpmate to her husband in establishing and building up another home and providing for another family, and as long as he meets his obligations as such, to the extent of his ability, it is her duty to submit and to perform her full part in efforts to emerge from her objectionable surroundings, if any, to larger, better and more desirable and luxuriant ones. But where the evidence is such as to create reasonable and well grounded apprehensions for the personal safety of the wife by continuing to inhabit the home of her husband, as the chancellor found to be true in this case, it then becomes his duty to either remove the cause or to move his residence, since it is as much his duty to protect her from such threatened dangers as it is to extend to her kind, considerate and affectionate treatment. Especially is that true when the wife is entirely without fault, and when it appears that the husband is financially able to acquire and establish a new home at another place and removed from the pending dangers surrounding his present one.

The record discloses that the defendant owned property worth between $5,000.00 and $6,000.00. The judgment in favor of plaintiff was scarcely 10 per cent of that amount, and there is, therefore, no justifiable ground

for the complaint that it is excessive; nor are we convinced that the court abused a sound discretion in fixing plaintiff's attorney's fee at $150.00

Finding no error in the judgment, it is affirmed.