## Palmer et al. v. Turner et al.

(Decided December 1, 1931.)

LOGAN & LOGAN for appellants.

G. D. MILLIKEN for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Reversing.

G. T. Turner and Dolly Turner were husband and wife, residing in Warren county, Ky., on the 27th day of May, 1930, when Dolly Turner departed this life intestate, without issue, leaving surviving her her husband, G. T. Turner, and Mary Palmer, Ida Snell, Jenny Borders, Betty Young, her sisters, and Frank Borders, a brother. At the time of her death she owned no personal estate, but she was the owner and in possession of a house and lot in the city of Bowling Green, Ky., alleged to be worth not exceeding $1,000. Her funeral expenses were about $750.

G. T. Turner was by proper orders of the Warren county court appointed administrator of her estate. He paid her funeral expenses with his individual funds. This action was instituted by him as an individual and as administrator of her estate against her sisters and their husbands and her brother and his wife to sell the house and lot and with the proceeds to pay her debts and funeral expenses. The amount of her debts other than the alleged funeral expenses is not set out in the pleadings. Appropriate pleadings were filed, and an issue was joined.

On the pleadings and an agreed statement of facts, the trial court adjudged that her estate, and not her husband's, was liable for her funeral expenses; that having paid the same, he was entitled to recover of her estate the amount he had paid, to which the appellees excepted and prayed an appeal to this court.

This appeal presents the questions:

"Is the estate of the wife as between her heirs and the husband, in the settlement thereof, required to pay her funeral expenses? Or are the funeral expenses of the wife included by the term 'necessaries' as it is used in section 2130, Ky. Statutes?"

324

A consideration and disposition of these questions require a review of the common law in connection with our statutes concerning hus'band and wife.

The common law devised a scheme that made for unity in the marriage relations of husband and wife. To secure this unity, the law proceeded upon the theory or assumption that the wife's legal existence was, in virtue of the marriage, suspended or extinguished during the marriage state. The very legal being and existence of the woman was suspended during coverture, or entirely merged or incorporated in that of the husband. It surrendered her property and interest to him, and placed her almost entirely within her husband's keeping, so far as her civil rights were concerned. She could not earn for herself, nor, in general, contract, sue, be contracted with, or be sued, in her own right. The husband lost nothing by the marriage, but the wife surrendered her property to him, and lost her independence and identity in law. Blackstone's Commentaries, vol. 2, p. 432. On the marriage the husband became the owner absolutely of the wife's personal property. Rawlings' Ex'r v. Landes, 2 Bush 158. Her earnings, her personal property accruing to her during coverture, vested immediately in the husband. Wilkinson v. Perrin, 7 T. B. Mon. 214. He became entitled to the rents arising from, and on certain contingencies to curtesy in, her land. Dotson v. Dotson, 172 Ky. 641, 189 S. W. 894. He could sell, convey or mortgage his land without her joining in the instrument with him, subject to her potential right to dower. Whitesides v. Cushenberry, 10 Ky. Ops. 413. He had the right to sell her reversionary right in her personal property (Meriwether v. Booker, 5 Litt. 254); to assign her equity in a bequest (Thomas v. Kelsoe, 7 T. B. Mon. 521); to reduce to his possession her choses in action, and to sell and assign the same (McKay v. Mayes, 29 S. W. 327, 16 Ky. Law Rep. 862); to collect and reduce to his possession damages growing out of torts to her person or reputation, and to make them his absolute property. Anderson v. Anderson, 11 Bush 327. He had the right to select and fix her domicile, and it was her duty to accept it. Hick v. Hick, 5 Bush 670. When she died, he had the right to select her burial place, or to change it. Neighbors v. Neighbors, 112 Ky. 161, 65 S. W. 607, 23 Ky. Law Rep. 1433. The common law permitted him to lord over her in despotic way, except

he was without right, however provoking her conduct might be, to inflict upon her corporal punishment. Bone v. Bone, 200 Ky. 736, 255 S. W. 530. The view of the common law was that the husband and wife were one person, and that he was the one person.

Therefore, in order to distribute the matrimonial burdens with some effort toward equality, it imposed upon him the duty and obligation to provide his wife with a reasonably suitable home (Turner v. Turner, 211 Ky. 7, 276 S. W. 967); to support her (Davis v. Davis, 208 Ky. 605, 271 S. W. 659); and to pay, during coverture, her debts or any debts on her account, which he never contracted, and whether these debts were brought to him without the corresponding means with which to pay them. This liability of his extended to the debts of the wife where she was held to be his agent. It required him to furnish her the necessaries and luxuries of life suitable for his and her condition and station in life, including medicine, doctor's and nurse's bills, with the correlative duty resting upon her to adjust herself to the husband's condition and ability to provide for her. Turner v. Turner, supra. Upon her death it obligated him to bury her and to pay her funeral expenses. Davis v. Davis, 208 Ky. 605, 271 S. W. 659; Long v. Beard, 48 S. W. 158, 20 Ky. Law Rep. 1036; Schneider v. Breier, 129 Wis. 446, 109 N. W. 99, 6 L. R. A. (N. S.) 917; Smyley v. Rees, 53 Ala. 89, 25 Am. Rep. 598; In re Weringer, 100 Cal. 345, 34 P. 825; Staples' Appeal, 52 Conn. 425; Kenyon v. Brightwell, 120 Ga. 606, 48 S. E. 124, 1 Ann. Cas. 169; Sears v. Giddey, 41 Mich. 590, 2 N. W. 917, 32 Am. Rep. 168; Waesch's Estate, 166 Pa. 204, 30 A. 1124; Cunningham v. Reardon, 98 Mass. 538, 96 Am. Dec. 670.

Their marital relations were the basis for these obligations on the part of the husband. Hughes v. Hughes, 211 Ky. 799, 278 S. W. 121.

The rights of the husband as regards his wife and her property, and his obligations to her under the common law of England, were adjusted by it without much reference to principle. As it concerned the husband and wife, his right to her property, her legal duty to him, and his legal obligations to her, it is in force in this state, except where abrogated, altered, or modified by statute.

"By an ordinance of the Virginia Legislature passed in 1776, it is declared that the common law

of England and all statutory enactments of parliament made in aid of the common law prior to the fourth year of King James I, and which were of a general nature and not local to that kingdom, were made a rule of decision and were in full force and effect in Virginia until the same were altered by the Legislature. Hunt v. Warnicke's Heirs, 3 Ky. (Hardin) 66; Ray v. Sweeney, 77 Ky. (14 Bush) 1, 29 Am. Rep. 388.

"By the first, second, and present Constitutions of Kentucky (now section 233), all laws which, on the 1st day of June, 1792, were in force in the state of Virginia, and which were of a general nature and not local to that state and not repugnant to the Constitution, nor to the laws which have been enacted by the General Assembly of this commonwealth, are in force in this state, except where altered or repealed by legislative enactment. Morris v. Morris, 225 Ky. 823, 10 S. W. (2d) 277." Coleman v. Reamer's Ex'r, 237 Ky. 603, 36 S. W. (2d) 22, 23.

The common law dependence of the wife upon the husband, and its abridgment and denial of her personal rights, have been abrogated largely by statutes. In principle, in respect to her rights in her property and her right to deal therewith, and the right of the husband therein, our Statutes have harked to the civil or Roman law for a precedent, to a period beyond the time of the origin of the common law, although the same may be regarded as a product of development and progress incident to modern times.

The civil law adopted altogether a different scheme from the common law of England in respect to their marital rights. It paid little heed to the unity of marriage. It protected from each other their rights in the enjoyment of their respective estates. It recognized the personal independence of both of them. Our Statutes applying its principles afford greater freedom and independence to the wife than the common law, and at the same time limit the husband's common-law liability for her indebtedness, whether contracted or incurred before, or after marriage. Marriage, under the Statutes, gives to the husband during the life of the wife no estate or interest in the wife's property, real or personal, owned by her at the time of, or acquired after, marriage. Her property is not subject to the payment, or satisfaction,

of his debts, but she may pledge or mortgage it to secure his debts. Her estate is liable for her own debts, contracted or incurred by her before marriage, and for such contracts after marriage as she is expressly authorized to enter into by statute. During the existence of the marriage, she holds and owns her own estate to her exclusive use, free from the debts and control of her husband. She may take, acquire, and hold property in her own name; sell and dispose of her personal property; make contracts, sue and be sued as a single woman, except she may not by executory contract or conveyance by deed or mortgage dispose of her real property unless her husband joins therein. By statute the husband is not liable for any debts or responsibilities of the wife contracted or incurred before or after marriage, (a) except to the amount or value of the property he may receive from her by virtue of the marriage, and (b) except he is liable by the express wording of the statute, for "necessaries" furnished to her after marriage. See sections 2127, 2128, and 2130, Ky. Statutes. The Statutes so expressly providing that the husband shall be liable for "necessaries" furnished to her after marriage thereby continued upon, and against, him the common-law liability "for 'necessaries' furnished to her after marriage." The word "necessaries" as it is used in the statute is not defined by it. The common law must be looked to, in the absence of a statutory definition thereof, to determine what is included by the statutory term "necessaries."

It may not be disputed that the common law in force in this state prior to, and at the time of, the enactment of our statutes concerning husband and wife, March 15, 1894 (Ky. Stats., sec. 2127 et seq.), imposed upon the husband, and not upon her estate nor her heirs, the duty and the legal obligation of defraying the expenses of the wife's burial, and, if he failed or refused to discharge this imperative legal obligation, the same might be recovered of him by appropriate action.

The statutes of descent and distribution, sections 1393 and 1403, Ky. Statutes, provide that the estate, real and personal, of a deceased, shall descend to the persons therein designated subject to the "payment of funeral expenses, charges of administration and debts" of the deceased. These sections must be read and construed in connection with section 2130. Construing the phrase

"but [he] shall be liable for necessaries furnished to her after, marriage" as it is written in section 2130, with the word "debts" as it appears in the sections, supra, on descent and distribution, plainly "debts" as the term is used therein does not include "necessaries" as the word appears in section 2130. The term "necessaries", as it is used in section 2130, in the absence of a statute defining it must be given its common-law meaning, and must be regarded as including such things as it embraced at common law. Therefore it may be correctly said that, not only the husband's common-law liability for her burial expenses has been continued by section 2130 as between him and the estate and the heirs of his wife, but it has continued his primary liability to any third party who may furnish the requirements and services for her burial. However, inasmuch as her burial is imperative, indispensable, and inescapable, therefore, as to a third person who furnishes same for her burial, her estate is liable therefor, with the right of her estate, or her heirs or devisees, to compel the husband to reimburse it or them, for such expenses incurred during his life, and which were so paid by it. Carpenter v. Hazelrigg, 103 Ky. 538, 45 S. W. 666, 20 Ky. Law Rep. 231; Hardiman's Adm'r v. Crick, 131 Ky. 358, 115 S. W. 236, 133 Am. St. Rep. 248; Underhill v. Mayer, 174 Ky. 229, 192 S. W. 14; Thomas v. Boston Banking Co., 157 Ky. 473, 163 S. W. 480; Ketterer v. Nelson, 146 Ky. 7, 141 S. W. 409, 37 L. R. A. (N. S.) 754; Long v. Beard, 48 S. W. 158, 20 Ky. Law Rep. 1036; Brand v. Brand, 109 Ky. 721, 60 S. W. 704, 22 Ky. Law Rep. 1366; Oster's Ex'r v. Ohlman, 187 Ky. 341, 219 S. W. 187.

In Ketterer v. Nelson this court reviewed the cases of Carpenter v. Hazelrigg and Long v. Beard and Brand v. Brand, and stated the conclusion that the wife's estate could be compelled to pay the funeral expenses to third persons, but, where such expenses were voluntarily paid by the husband, being a demand for which he was primarily liable, he could not recover of the wife's estate the amount so paid by him.

In Towery v. McGaw, 56 S. W. 727, 982, 22 Ky. Law Rep. 155, the husband was the administrator of the wife's estate. The amount of it which came into his hands was $1,300. Out of it in his settlement as the administrator of her estate he retained for himself between $400 and $500 for her medical treatment and inci-

dental expenses incurred by her at a hospital, and also the cost of her burial. Exceptions were filed to these credits by the brothers and sisters of the wife, and were sustained by the county court, and, on an appeal to it, by the circuit court. On a review by this court, a distinction was made inadvertently between the husband's common-law liability for medical treatment, doctors' and nurse's bills of the wife, and her funeral expenses. The court interpreted the term "necessaries" as it is used in section 2130 not to include funeral expenses. Such interpretation and application of the term were not authorized by the common law, nor the language of section 2130. Therefore, in so far as the case of Towery v. McGaw is in conflict with this opinion it is overruled.

Wherefore the judgment herein is reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.