## Brashears' Adm'r et al. v. Oder et. al.

Nov. 6, 1942.

818

C. C. Adams for appellant.

F. A. Harrison and L. M. Ackman for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The question involved on this appeal is whether or not J. G. Brashears made a gift to his wife, Mary, of two checks aggregating $256. H. W. Webb, administrator of Mr. Brashears, filed a petition in equity naming as defendants the bank where Mrs. Brashears deposited the checks, the bank upon which they were drawn, and the heirs of Mrs. Brashears, she having died intestate and no personal representative was appointed to administer her estate. On defendant's motion an issue out of chancellery was granted; the jury found there had been a gift and the chancellor so adjudged. The administrator has filed a motion here under KRS, Section 21.060 (950-1, KS) for an appeal.

The motion for a new trial contains fourteen grounds and appellant here assigns almost as many reasons why the judgment should be reversed, but it is only necessary that four of them be considered: 1. The answer of the heirs as amended does not allege facts constituting a gift and was bad on demurrer; 2. the plea that the proceeds of the checks were used to pay the wife's funeral expenses constituted no defense; 3. the proof does not establish a gift; 4. the instructions were erroneous.

Both Mr. and Mrs. Brashears previously had been married and each had children by former marriages. No children were born of their union and on Nov. 19, 1923,

they entered into a post nuptial contract whereby each waived all rights in the property the other owned or might subsequently acquire. Mr. Brashears was 92 years of age when he died on April 13, 1935, as the result of a paralytic stroke he suffered the foregoing week. He had suffered a previous stroke in 1929, and there is some evidence that it left his right arm and hand so impaired that he could not write, or even sign his name. Other testimony is to the effect that the first stroke left no permanent impairment of his mental or physical faculties. But there is no dispute that he signed and executed a will on Jan. 9, 1935.

Mr. Brashears resided on a farm from which he sold two truck loads of corn on Feb. 16th and 22nd, 1935, to C. C. Grubbs, who paid him with two checks bearing those dates, the first being for $136 and the second for $120. The checks were payable to Mr. Brashears and remained in his home unendorsed from February until after his death on April 13, 1935. On April 30th, following, Mrs. Brashears endorsed her deceased husband's name on the checks, then affixed her signature and deposited them to her credit in the Union Bank of Glencoe, where her husband had carried an account and whose cashier, Ohlen Stewart, knew that Mr. Brashears was dead and that he had not endorsed either check.

Mrs. Brashears died May 6, 1935, and subsequently the administrator brought this action as above indicated against the two banks and her heirs to recover the amount of the checks, $256, with interest from Feb. 28, 1935. The answer of the heirs attempted to plead a gift of the checks to their mother in this language:

"J. G. Brashears turned over said checks to his wife, Mrs. Mary Oder Brashears, during his life time and told her to use the money to live on, and that the same became the individual property of the said Mrs. Mary Oder Brashears."

The amended answers averred:

"J. G. Brashears authorized his wife * * * to place his signature on said checks as endorser and gave them to her * * *; that she was the wife of the said J. G. Brashears and as such, and under his authority had the right to endorse his name * * * and cash said checks."

In a second paragraph the amendment averred the

checks were applied on the funeral expenses of the wife, and in the event the court should hold that the money was not hers "she is subrogated to the rights of the undertaker" on the theory, we presume, that her husband was liable for her funeral expenses.

Gernert v. Liberty Nat. Bank & Tr. Co., 284 Ky. 575, 145 S. W. (2d) 522, enumerates six facts necessary to constitute a gift inter vivos among which are: 1. An intention on the part of the donor to make the gift; 2. the gift must be completed with nothing left undone; 3. the property must be delivered and the gift must go into effect at once; 4. the gift must be irrevocable. The allegations above quoted from the answer as amended do not show an intention on Mr. Brashears' part to make a gift; nor do they show an unqualified delivery, but only that he "turned over said checks to his wife * * * to live on." The allegation "he gave them to her" is but a conclusion of the pleader. Facts should have been alleged which in law constitute a gift. The allegation that he authorized her to endorse his name on the checks was not an averment of an intention to make a gift or that it went into immediate effect and was irrevocable. The pleadings of the heirs do not state facts necessary to constitute a gift inter vivos as numerated in Gernert v. Liberty Nat. Bank & Tr. Co., supra.

The plea in the second paragraph of the amended answer that the proceeds of the checks were applied on the funeral expenses of his wife was likewise bad upon demurrer. It is true the husband is liable for the funeral expenses of the wife both at common law and under our statutes, KRS secs. 404.010, 404.020, 404.040 (KS secs. 2127, 2128 and 2130); Palmer v. Turner, 241 Ky. 322, 43 S. W. (2d) 1017. But we are cited to no case, and we have found none, holding the husband's estate liable for the widow's funeral expenses. Following Sullivan v. Horner, 41 N. J. Eq. 299, 7 A. 411, in Colovos' Adm'r v. Gouvas, 269 Ky. 752, 108 S. W. (2d) 820, 113 A. L. R. 871, we held the husband's estate was liable for the funeral expenses of his wife and children who died synchronously with him in the same automobile accident. The distinction is so apparent between the instant case where the wife survived the husband by three weeks, and the Colovos case where it was impossible to determine who predeceased the other, that it is unnecessary to discuss it.

The court should have sustained the general demurrer to the answer and to both paragraphs of the amended answer, since neither pleaded facts sufficient to constitute a defense to the petition.

Nor was the evidence introduced by the heirs sufficient to take their case to the jury. They rely upon the testimony of but two witnesses, Sasher Beach and Fred Carlton, to establish the gift. Beach, a grandson of Mrs. Brashears, was present on Feb. 16th when Mr. Brashears took the $136 check to the house and handed it to his wife. When asked what Mr. Brashears said, Beach testified, "He just handed it to her and said they could live on that." Carlton's testimony was that in speaking of the amount of corn he was selling, the old gentleman said, "I hope it brings me enough to pay Mary" (his wife).

To establish a gift inter vivos the evidence must show among other things an intention on the part of the donor to make the gift; that the property was delivered to and accepted by the donee; that the gift went into immediate and absolute effect and became irrevocable. Combs v. Roark's Adm'r, 221 Ky. 679, 299 S. W. 576; Moore's Adm'r v. Edwards, 248 Ky. 517, 58 S. W. (2d) 915; Hay's Adm'r v. Patrick, 266 Ky. 713, 99 S. W. (2d) 805. As such gifts may be the means of perpetrating a fraud, the evidence to establish their essential elements must be clear and convincing, Hale v. Hale, 189 Ky. 171, 224 S. W. 1078; Foxworthy v. Adams, 136 Ky. 403, 124 S. W. 381, 27 L. R. A., N. S., 308, Ann. Cas. 1912A, 327, and where the gift is asserted for the first time after the death of the donor, and especially where a confidential relation existed between the donor and the donee, it has been written, "such undeviating requirements are doubly true." Hays' Adm'r v. Patrick, supra [266 Ky. 517, 99 S. W. (2d) 809].

When tested by the rules announced in the authorities just referred to, it is patent that the testimony of Beach and Carlton did not entitle the heirs of Mrs. Brashears to have submitted to the jury the question of whether or not a gift of these checks was made to her by her husband.

The instructions given by the court were erroneous in that they told the jury to find whether or not the checks were given to Mrs. Brashears without telling them

what constituted a gift. The instructions did not tell the jury that delivery of the checks was necessary, nor did they embody the element of intention on the part of the donor. Stanley's Instructions to Juries, secs. 402, 403, pp. 495, 496; Jones v. Jones, 102 Ky. 450, 43 S. W. 412, 19 Ky. Law Rep. 1516; Holland v. Pearson, 271 Ky. 115, 111 S. W. (2d) 581.

Appellees put much reliance in Stephenson's Adm'r v. King, 81 Ky. 425, 50 Am. Rep. 173, but the only comfort they can obtain from that opinion is that a gift may be made of notes without endorsing them. But it is not contended by appellant that a gift inter vivos of notes or checks of a third person may not be made without the payee's endorsement if all the elements necessary to constitute a gift are present. 28 C. J. sec. 61, p. 659; Jones v. Jones, 102 Ky. 450, 43 S. W. 412, 19 Ky. Law Rep. 1516; York's Ancillary Adm'r v. Bromley, 286 Ky. 533, 151 S. W. (2d) 28, page 32. Appellant is not complaining that the failure of the donor to endorse the checks defeated the gift, but that there was an utter failure on the part of the heirs to plead or prove the elements heretofore mentioned which are necessary to constitute a gift inter vivos.

It is not deemed necessary to discuss the liability of the two banks since Mrs. Brashears' estate appears to be solvent; and in the event no gift is established, ultimate liability will rest there, or against the heirs to the extent that they inherited from their mother. Besides, the liabiliy of the two banks is so well established under the Negotiable Instrument Act KRS sec. 356.001 et seq. (K. S. sec. 3720b-1 et seq.), that it is unlikely a real controversy will develop between the administrator and them, or between the two banks themselves.

Should there be another trial and should the heirs amend their answer so as to properly plead a gift, yet if the evidence is substantially the same on the second trial as that adduced on the first, the court will direct a verdict in favor of the administrator at the conclusion of the heirs' proof. The motion for an appeal is sustained, the appeal is granted and the judgment reversed for proceedings consistent with this opinion.