**Ira J. DUFF, Administrator of the Estate of Chester E. Duff, and Dr. H. P. Duff, Appellants,**

**v.**

**Chester E. DUFF, Jr., Appellee.**

Court of Appeals of Kentucky.

March 8, 1957.

S. M. Ward, Don A. Ward, Hazard, for appellants.

Richard Asher, Hazard, for appellee.

CLAY, Commissioner.

This controversy arises out of a claim of appellee Chester Duff for approximately $10,000 against the estate of his deceased uncle. The amount claimed constitutes a bank deposit appellee alleged was given to him by his uncle prior to the latter's death. A jury found the gift had been made and judgment was entered accordingly. On this appeal the administrator contends he was entitled to a directed verdict because there was insufficient competent evidence to establish the gift.

The uncle was seriously ill in a Lexington hospital. Appellee, his nephew, was most attentive to him during his illness. The uncle had a savings account in the Citizens State Bank of Hazard, with a balance in excess of $10,000. Not long before the uncle's death appellee came into possession of a passbook issued on this account.

Appellee testified he picked up the passbook at the bank on the instructions of his uncle. He makes no claim that when he first came into possession of the book his uncle had then made a gift to him of the account. He does claim that subsequently his uncle did make such gift by delivering the passbook to him with that intention.

As in all claims of this sort against the estate of a deceased person, appellee was faced with the difficulty of proving the gift. No other persons were present at the time it was allegedly made. Under KRS 421.210(2) (formerly Section 606(2) of the Civil Code of Practice) upon objection no person may be permitted to testify for himself concerning verbal statements of or transactions with a deceased person.

The trial court properly refused to allow appellee to testify concerning the transaction when the passbook was allegedly delivered to him as a gift by the testator. However, over objection, hearsay evidence of this transaction was admitted. The father of appellee testified appellee told him that his uncle had given him the book. Another witness testified to the same statement made by appellee, and was further permitted to state that appellee had told him what his uncle had said prior to and at the time he made the alleged gift.

788

It seems to us this testimony was clearly incompetent. Ignoring the fact that it constituted self-serving hearsay, it was the type of evidence KRS 421.210(2) was designed to exclude. Appellee himself could not testify to a transaction with the deceased. To allow another witness to relate what appellee had told him about such transaction is just another way of permitting appellee to so testify. Obviously this hearsay testimony is even more dangerous than the direct testimony of the interested party because of the difficulty of attacking it by cross-examination. Admitting this type of testimony is clearly a violation of the statute as permitting the claimant by indirection to testify to a transaction with the deceased. See Jones v. Jones, 102 Ky. 450, 43 S.W. 412.

 A gift of this nature first asserted after the death of the donor must be scrutinized very closely, and clear and convincing evidence is required to establish it. Brashears' Adm'r v. Oder, 291 Ky. 817, 165 S.W.2d 801. Mere possession of the property is not sufficient evidence of a gift. Combs v. Roark's Adm'r, 221 Ky. 679, 299 S.W. 576. It was incumbent on appellee to prove the delivery of this passbook with the intention to make him a gift of the bank balance. See cases just cited.

Excluding the incompetent testimony discussed above, there was no substantial evidence of such delivery. Some circumstances were shown that might indicate the uncle had a reason to make this gift, but there were likewise other circumstances indicating otherwise. For instance, the uncle was a competent lawyer, and no competent lawyer would make a gift under these circumstances in this manner. In addition, appellee made no attempt prior to the death of the uncle to withdraw the money which he claimed was his. There was also evidence that due to the serious illness of the uncle there was some question of his competency to make the gift at the time in question.

 Appellee contends that the administrator waived the prohibitions of KRS 421.210(2), but nothing in the record supports such contention. A careful consideration of all the competent evidence convinces us that appellee failed to prove the gift. Consequently a verdict for the administrator should have been directed.

It is unnecessary to pass upon the administrator's defense of estoppel. Since the administrator did not move for a judgment notwithstanding the verdict under under CR 50.02, but instead moved for a new trial, we will grant the relief requested. If on a new trial the evidence is substantially the same, a verdict should be directed for the administrator.

The judgment is reversed with directions to grant appellant a new trial and for further consistent proceedings.